## Lewis Gorham & another *vs.* Charles Stearns.

A payment or assignment by a debtor, to one of his creditors, is not void as to his other creditors, under *St.* 1838, *c.* 163, § 10, unless it be made by the debtor in contemplation of becoming insolvent and obtaining a discharge under the provisions of that statute.

The stock in trade of a debtor, who was insolvent, was attached by several of his creditors, and he afterwards, on the same day, but not then intending to take advantage of *St.* 1838, *c.* 163, nor even knowing there was such a statute, assigned to another creditor choses in action to secure what he owed him, and also to indemnify him against liabilities incurred on said debtor's behalf: On the next day, the debtor made application to a master in chancery for the benefit of said statute, and assignees of his property were afterwards duly appointed. *Held,* that the assignment to said creditor was not void as to the other creditors, within the terms of the tenth section of said statute.

In deciding a case stated by the parties, where the statement sets forth the testimony of witnesses, the court must take such testimony to be true.

THIS was an action by the assignees of Lester Belden, an insolvent debtor, to recover the avails of book debts and promissory notes transferred by him to the defendant to secure payment to the defendant of a debt due to him from said Belden, and also to secure the defendant against a liability which he had incurred by indorsing one of said Belden's notes.

The case was taken from a jury, and submitted to the court upon this statement of facts : "On the 11th of December, 1838, said Lester Belden made application to a master in chancery for the benefit of the act for the relief of insolvent debtors ;" (*St.* 1838, *c.* 163,) "and after due proceedings upon this application, the plaintiffs were appointed assignees, at a meeting of his creditors held January 4th, 1839.

" Said Belden, until the spring of 1838, was in partnership with his brother, William Belden. William testified that when they dissolved their partnership, Lester expressed doubts whether he should be able to pay his debts unless he should dispose of his stock to good advantage. On the 10th of December, 1838, his stock in trade was all attached, at the suit of several of his creditors, upon debts amounting to a large sum. On the same day, and immediately after the attachment of his property, he assigned his books of account and certain notes of hand to

the defendant and William Belden.     The defendant had a *bona fide* debt against him of about one hundred dollars, and had in-dorsed his note for five hundred dollars to the Chicopee Bank, some time previous, which note he has since been obliged to pay.     Said assignment was on account of this debt and liability, so far as the defendant is concerned ; and he has received under it the sum of $

" Said Belden was then (on the said 10th of December) in fact insolvent ; but there is no other evidence, except as above stated, that he knew of his insolvency ; and he testifies that he did not then intend to take advantage of the insolvent act, and that he did not in fact know of its existence.     His insolvency was not known to the defendant."

*R. A. Chapman*, for the plaintiffs.

*Ashmun*, for the defendant.

DEWEY, J.     The plaintiffs' claim arises under *St.* 1838, c. 163, § 10, wherein it is (*inter alia*) provided, that any as-signment, by any debtor, of any part of his estate, which he shall make with a view to give a preference to any creditor, &c. if made in contemplation of becoming insolvent and of obtaining a discharge under the provisions of said statute, shall, as to his other creditors, be void, in like manner and to the same effect as conveyances made by any debtor to the intent or whereby his creditors may be delayed, hindered or defrauded, are now by law void as to such creditors ; and the assignees, in such case, may by an action in their own names recover from the creditor, so preferred, the property so assigned, or the value thereof, for the use of the other creditors.

It is for the plaintiffs to bring their case within the provisions of this statute, if they would avoid this assignment, and receive the avails of it from the defendant.     The burden is on the plain-tiffs to show that the transfer was made by Belden in contempla-tion of his becoming insolvent and of obtaining a discharge under the statute.

It is conceded by the defendant, that Belden was in fact in-solvent and unable to pay all his debts, at the time of making the transfer to the defendant.     But mere insolvency and inability

to pay one's debts, do not render void a transfer of property to secure a particular creditor. It must have been made by the debtor in contemplation of his becoming an insolvent debtor, under *St.* 1838, *c.* 163, and of obtaining a discharge under the provisions of that statute. While the debtor, in the ordinary course of business, and without any purpose existing in his mind to avail himself of the statue just referred to, is paying debts due to any of his creditors, or giving them collateral security for the same, such transactions are valid between the parties, and not liable to be set aside as in violation of this statute, although it may eventually be made to appear that, at the time of making such payments, or transfer as collateral security for his debts, the debtor was in fact insolvent and unable to pay his debts. It is the intentional unjust preference of one creditor to the other, after the debtor has the purpose of availing himself of the benefits of the statute, that renders such preference void. The inquiry will therefore necessarily be, in cases like the present, was the transfer in contemplation of insolvency and the obtaining of a discharge under the act of 1838, *c.* 163.

Upon the case stated by the parties, we cannot say this fact is shown affirmatively. The fact of an actual insolvency, and the other circumstances under which this assignment was made, are certainly calculated to excite suspicion as to the purposes of the debtor; but the testimony of the debtor is direct and full to the point that he did not, at the time of making the transfer to the defendant, intend to become an insolvent and obtain a discharge under the insolvent act; and that in truth he had no knowledge of the existence of any such statute. If this testimony be true, it is quite certain that the assignment to the defendant was not made by the debtor in contemplation of obtaining a discharge under the provisions of the statute, and the case therefore does not fall within it.*

In deciding upon a case stated by the parties, as the present one is, the court must take the testimony of the witnesses to be true, and deal with it as such. If the plaintiffs would have the

---

* New provisions on this subject have been made by *St.* 1841, *c.* 124, § 3.

benefit of the other facts and circumstances disclosed in the case, to control the testimony of the debtor and discredit him, the case should have been submitted to the jury to weigh all the evidence and find the fact. But the case being presented to us upon this testimony, if we give it the full and proper effect which attaches to it, it negatives the unlawful intent to prefer one creditor under those circumstances which this statute prohibits and restrains. Such being the state of the case, the plaintiffs can-ot maintain their action.

*Plaintiffs nonsuit.*