## COMMONWEALTH *vs.* SAMUEL T. LEE.

Bristol.    October 22, 1923. — November 28, 1923.

Present: RUGG, C.J., DECOURCY, PIERCE, & JENNEY, JJ.

*Pleading, Criminal*, Complaint. *Way*, Public: traffic ordinances. *Municipal Corporations*, By-laws and ordinances.

When an exception or proviso is embodied in a provision of a municipal ordinance which defines an offence, it must be negatived in a complaint charging the offence; the necessity of such negation is not avoided by the provisions of G. L. c. 277, § 33.

The principle of the rule of pleading above stated is the same, whether the pleader alleges or recites the by-law or ordinance, or counts on the by-law or ordinance and attempts to bring a case within its general clause.

A motion to quash a criminal complaint averring that the defendant " did unlawfully stop a certain vehicle on the north side of William Street between Pleasant Street and Acushnet Avenue in said New Bedford between the hours of 9 A.M. and 9 P.M." and not averring that the defendant at that time and place was not taking on or discharging passengers, merchandise or vehicular supplies, should be granted where it appears that the complaint was founded on a section of a traffic ordinance of New Bedford reading as follows: " No person shall stop a vehicle in any of the following described portions of the streets between 9 A.M. and 9 P.M., except while taking on or discharging passengers, merchandise or vehicular supplies: William Street, north side, between Pleasant Street and Acushnet Avenue."

COMPLAINT, received and sworn to in the Third District Court of Bristol on April 30, 1923, and described in the opinion, charging a violation of § 7 of the traffic ordinances of the city of New Bedford.

The facts were agreed to. On appeal to the Superior Court, the motion, in substance a motion to quash, described in the opinion, was heard by *Burns*, J., and was denied. The defendant was found guilty, was sentenced to pay a fine of $5, and appealed.

*H. A. Lider*, for the defendant.

*S. P. Hall*, District Attorney, for the Commonwealth.

PIERCE, J.   On May 5, 1923, the defendant, Samuel T. Lee, was duly brought before the Third District Court of

Bristol on a complaint which in substance reads: " . . . in behalf of said Commonwealth, on oath, complains that Samuel T. Lee of New Bedford in the county of Bristol at New Bedford aforesaid, in the county aforesaid, on the twenty-fourth day of April in the year of our Lord one thousand nine hundred and twenty-three, did unlawfully stop a certain vehicle on the north side of William Street between Pleasant Street and Acushnet Avenue in said New Bedford between the hours of 9 A.M. and 9 P.M."

The complaint is founded on § 7 of the traffic ordinance of the city of New Bedford, which reads as follows: " No person shall stop a vehicle in any of the following described portions of the streets between 9 A.M. and 9 P.M., except while taking on or discharging passengers, merchandise or vehicular supplies: William Street, north side, between Pleasant Street and Acushnet Avenue." In the District Court, the defendant duly filed that which in substance was a motion to quash the complaint " because there is no offence therein set forth known to the laws of the Commonwealth, or in any ordinance of the city of New Bedford." The motion was denied. Upon trial in that court the defendant was found guilty and sentenced to pay a fine. On appeal, when the case was called in the Superior Court the defendant duly filed a similar motion and duly appealed from the refusal of the court to grant the same.

The motions, which in fact are and should have been entitled motions to quash, raise the question, whether the general rule of pleading, " that when an exception or proviso is embodied in the clause which defines the offence, or, as it is commonly called, the enacting clause, it must be negatived in the indictment; but that if it is only found in a subsequent distinct clause of the same or another statute, it need not be so negatived," *Commonwealth* v. *Jennings,* 121 Mass. 47, 49, *Commonwealth* v. *Badger,* 243 Mass. 137, 141, is applicable to complaints for violations of city ordinances. That rule is as applicable to complaints founded on ordinances as to those based on statutes. The provision of G. L. c. 277, § 33, to the effect that an indictment or complaint shall not be considered defective or insufficient by

reason of its failure to allege or recite a by-law or an ordinance of a city, does not avoid the necessity of such negation.

The principle is the same whether the pleader alleges or recites the by-law or ordinance, or counts on the by-law or ordinance and attempts to bring a case within its general clause. Should the pleader allege or recite the by-law or ordinance, which he is not required to do by reason of G. L. c. 277, § 33, there may be a fatal variance between the allegations and the proof. G. L. c. 277, § 35. If he counts on the by-law or ordinance and attempts to bring a case within the general clause and omits to negative the exception, he shows no violation of the by-law or ordinance. *Commonwealth* v. *Maxwell*, 2 Pick. 139. *Commonwealth* v. *Hart*, 11 Cush. 130, 135.

The appeal from the motion that " the complaint be dismissed and the defendant discharged on the ground that the ordinance of the City of New Bedford, adopted September 30, 1922, under which this complaint has been brought, is not yet in effect because of the failure to comply with the G. L. c. 90, § 18 " has not been argued and is therefore treated as waived.

In the case at bar the pleader counts upon the general provision of § 7 of the ordinance and does not negative the exceptions therein contained. Whichever form of pleading is adopted, it is necessary to charge enough to show that the crime established by the ordinance has been committed.

*Judgment reversed.*
*Motion to quash allowed.*

<hr />

## MEMORANDUM.

On the twenty-ninth day of November, 1923, the Honorable CHARLES FRANCIS JENNEY died at Boston. He held the office of an Associate Justice of this Court from the twenty-fourth day of September, 1919, until the time of his death.