SOLOMON H. ANSELL *vs.* CITY OF BOSTON.

Suffolk.    November 9, 1925. — January 5, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Way*, Public: defect. *Motor Vehicle.    Evidence*, Presumptions and burden of proof.    *Statute*, Construction.    *Words*, "Carriage."

The word "carriage," as used in St. 1917, c. 344, Part IV, § 24, had a signification broad enough to include a motor truck.

Where a duty or obligation or crime is defined by statute, if there be an exception in the enacting clause, or an exception incorporated into the general clause, descriptive of the duty or obligation or crime, then the party relying on such duty or obligation or crime, either in a civil or a criminal case, must allege in his pleading and must prove that his adversary is not within the exception; but, if the exception is in a subsequent, separate or distinct clause or statute, then the party relying on such exception must allege and prove it.    Per RUGG, C.J.

The structure of St. 1917, c. 344, Part IV, § 24, indicates that the obligation, duty and responsibility of the municipality rested upon the entire phraseology and not upon the initial phrase: the form of the statutory expression is not that of exception to general liability, but that of a condition to any liability.

A plaintiff in an action under St. 1917, c. 344, Part IV, § 24, against a municipality to recover damage to a motor truck must sustain the burden of proving that the truck and the load thereon did not exceed the weight of six tons.

Where, at the trial of an action of the character above described, the evidence of the defendant in conjunction with the testimony of the plaintiff tended to show that the combined weight of the truck and its load exceeded six tons and, aside from such evidence, there was no proof whatever to support a finding that the weight of the motor truck and its load was less than six tons, it was proper to order a verdict for the defendant since there was nothing to show that such combined weight was less than six tons.

TORT under St. 1917, c. 344, Part IV, § 24, for damage to a motor truck alleged to have been incurred by reason of a

defect in or want of repair of Commercial Street in Boston. Writ dated October 22, 1918.

The declaration contained no allegation that the plaintiff's truck and the load thereon did not exceed the weight of six tons. The answer was a general denial and an allegation that the plaintiff was guilty of contributory negligence.

In the Superior Court, the action was tried before *Keating,* J. Material evidence is described in the opinion. At the close of the evidence, on motion by the defendant, a verdict was ordered for the defendant. The judge then reported the action to this court for determination, the parties having agreed that, if the trial judge was right in ordering a verdict for the defendant, judgment was to be entered upon the verdict; but, if the action ought to have been submitted to the jury, judgment was to be entered for the plaintiff in the sum of $500.

*J. H. Duffy,* for the plaintiff.

*H. Power,* Assistant Corporation Counsel, (*D. Gillen,* Assistant Corporation Counsel, with him,) for the defendant.

RUGG, C.J.    This is an action of tort to recover compensation for damage to the plaintiff's automobile truck alleged to be due to a defect in a public way. It was provided in St. 1917, c. 344, Part IV, § 24, in force at the time the cause of action arose: "If a person sustains . . . damage in his property by reason of a defect or a want of repair . . . in or upon a way . . . and such . . . damage might have been prevented, or such defect or want of repair . . . might have been remedied by reasonable care and diligence on the part of the . . . city . . . by law obliged to repair the same, he may, if such . . . city . . . had or, by the exercise of proper care and diligence, might have had reasonable notice of the defect or want of repair . . . , recover damages therefor from such . . . city . . . ; but he shall not recover from a . . . city . . . more than one fifth of one per cent of its State valuation last preceding the commencement of the action nor more than four thousand dollars, and no action therefor shall be maintained by a person whose carriage and the load thereon exceeds the weight of six tons."

The single question presented relates to the final clause of

this section touching the maximum weight of the "carriage and load" for which there may be recovery. The plaintiff testified that his motor truck was damaged by reason of an alleged defect in a public way in Boston; that "it was called a five-ton truck." "Five ton was not the weight of the truck, it was its capacity." "There was about two and one half tons on it" (the truck). "Did not know the weight of the truck; . . . there were two and one half or three tons . . .; sure there was that much on there; could not exactly swear that the load weighed not less than two and one half tons; . . . the load was nearer to three tons than to one ton." This was all the evidence offered by the plaintiff as to the weight of the truck and its load. An employee of the manufacturer of the truck testified "that the weight of the chassis of the type of truck testified to by the plaintiff as sold by the manufacturer was seven thousand two hundred and fifty pounds and the weight of the truck body as sold by the manufacturer was seven hundred and fifty pounds." At the close of the evidence the trial judge directed a verdict for the defendant. The points argued are (1) whether the motor truck of the plaintiff was a carriage within the meaning of that word in the last part of said § 24, and (2) whether on all the evidence it could have been found that the weight of the load and the truck was less than six tons.

1. It has been held that an "automobile is not a carriage within the meaning of that word in R. L. c. 51, § 1," later St. 1917, c. 344, Part IV, § 1, and now G. L. c. 84, § 1. *Doherty* v. *Ayer*, 197 Mass. 241, 246. See *Commonwealth* v. *Goldman*, 205 Mass. 400. That is not decisive of the question here presented. The words of § 1 in these three successive statutes are that the enumerated places for travel must be kept in repair so as to "be reasonably safe and convenient for travelers, with their horses, teams and carriages." In that connection, attributing to words their ordinary meaning, the word "teams" includes vehicles (with their draft animals,) used for transporting heavy loads, whether of passengers, merchandise or other articles, while the word "carriages" indicates lighter vehicles for transporting a few persons or small articles. The weight of six tons for the "carriage and

load thereon" as the maximum of liability, when first introduced into our law by St. 1838, c. 104, hardly could have referred to "carriages" as distinguished from "teams." Even coaches, with the horses drawing them, doubtless then in common use for conveyance of passengers, rightly would have been comprehended within the meaning of "teams" and more naturally would have been called "teams" than "carriages." Unless therefore "carriage" in said § 24 be given a generic rather than a narrow meaning, it scarcely would at the time it first appeared in our statute have been a limitation upon liability, as a practical matter. Yet the frame of the statute as well as its manifest purpose indicates that it was intended to be an effective limitation upon the right to recover and hence upon liability.

Although motor vehicles are not "carriages" within the meaning of that word in St. 1917, c. 344, Part IV, § 1, recovery may be had for damage to them through defective highways, where other elements of liability are made out. *Kelleher* v. *Newburyport,* 227 Mass. 462. *Bond* v. *Billerica,* 235 Mass. 119.

We are of opinion that the word "carriage" as used in said § 24 has a signification broad enough to include a motor truck.

2. The point to be decided respecting the weight of the motor truck and its load in its last analysis is, where the burden of proof rests. The burden of proof was on the plaintiff to show that his "carriage and the load thereon" did not "exceed the weight of six tons." It was not on the defendant to prove that the weight was more than the statutory limit. The rule as to the burden of proof, applicable both to criminal and civil cases, is that, where the duty or obligation or crime is defined by statute, if there be an exception in the enacting clause, or an exception incorporated into the general clause, descriptive of the duty or obligation or crime, then the party pleading must allege and prove that his adversary is not within the exception; but if the exception is in a subsequent, separate or distinct clause or statute, then the party relying on such exception must allege and prove it. *Commonwealth* v. *Hart,* 11 Cush.

130, 134. *Sohier* v. *Norwich Fire Ins. Co.* 11 Allen, 336. *Commonwealth* v. *Lee,* 247 Mass. 107, 109. *Lunt* v. *Aetna Life Ins. Co. of Hartford,* 253 Mass. 610.

The structure of said § 24 indicates that the obligation, duty and responsibility of the municipality rest upon the entire phraseology and not upon the initial clause. The whole section is composed as a single sentence. Its parts are not separated by a single period. The entire section must be read before the mind comes to rest. It must be treated as a single entity before the extent of liability and of recovery can be ascertained. It has been held that the burden of proof is on the plaintiff to show that he was not violating the law at the time of the damage, *Tuttle* v. *Lawrence,* 119 Mass. 276, and that the defendant had or might have had reasonable notice of the defect, *Smith* v. *Hyde Park,* 219 Mass. 168. *Taylor* v. *Sterling,* 250 Mass. 123, 128. By parity of reasoning the same burden rests upon the plaintiff as to proof of the weight of his carriage and load. This aspect of the case is governed by *Lunt* v. *Aetna Life Ins. Co. of Hartford, supra.* Moreover, as a practical matter, proof as to this subject might be thought much more easily available to a plaintiff than to a defendant.

The controlling principle may be stated more broadly. The requirement limiting the right of recovery to instances where the combined weight of vehicle and load does not exceed a specified weight rests, to use the words of Mr. Justice Holmes in a slightly different but analogous connection in *Veginan* v. *Morse,* 160 Mass. 143, 146, "not on a nice interpretation of the particular words used, but upon a general view of what the Legislature would be likely to intend." Such maximum weight may have been established with reference to the public duty to maintain highways in a safe condition for ordinary travel, and fixed so as not to make that duty too onerous, and with reference to the security of other travellers. The form of the statutory expression is not that of exception to general liability, but that of a condition to any liability. The right of action for damages arising from defective highways is wholly the creature of statute. It is to be confined to the cases specified. *Monies* v. *Lynn,*

121 Mass. 442, 444. The statute creates and establishes a limited right of action and not an unrestricted liability. The plaintiff must bring himself within the terms of that limited right. The plaintiff cannot get on without showing that he comes within the class for whom alone liability was established.

The statement in *Harris* v. *Quincy,* 171 Mass. 472, 473, to the effect that the burden of proving a valuation which would cut down its liability below $4,000 was upon the defendant, has reference to another part of the statute and is distinguishable in principle from the case at bar. That decision was also rested on another ground. The case at bar is governed in this particular by the principle stated and expounded in *McRae* v. *New York, New Haven & Hartford Railroad,* 199 Mass. 418, *Wheatland* v. *Boston,* 202 Mass. 258, *Cheney* v. *Assessors of Dover,* 205 Mass. 501, 503, *Crosby* v. *Boston Elevated Railway,* 238 Mass. 564, *Sterling* v. *Frederick Leyland & Co. Ltd.* 242 Mass. 8, 13, *L'Huilier* v. *Fitchburg,* 246 Mass. 349, 352.

The defendant was not obliged to plead the excessive weight of the motor truck, but might rely upon that defence under its general denial.

It follows that the plaintiff was not entitled to go to the jury on this question. The evidence of the defendant in conjunction with the testimony of the plaintiff tended to show that the combined weight of the motor truck and its load exceeded six tons. If this evidence was disbelieved, there was nothing to show that that combined weight was less than six tons. In either event the plaintiff as matter of law had failed to sustain the burden of proof resting on him as to an essential element of his case. On the whole evidence there was no proof to support a finding that the weight of the motor truck and its load was less than six tons. There was no affirmative testimony to that effect. There was nothing to sustain such an inference. Therefore there was nothing to fasten liability under the statute on the defendant. *Phillips* v. *Gookin,* 231 Mass. 250.

In accordance with the terms of the report, the entry is

*Judgment on the verdict.*