COMMONWEALTH *vs.* EDWIN T. McKNIGHT.

SAME *vs.* SAME.

Middlesex.     February 7, 1933. — May 22, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Banks and Banking*, Wrongful loan by officer. *Trust Company*, Officers and agents, Loans. *Pleading, Criminal*, Indictment. *Practice, Criminal*, Amendment, Requests, rulings and instructions, Exceptions, Appeal with assignments of error. *Evidence*, Presumptions and burden of proof. *Words*, "Knowingly."

This court, treating the question as though it were open to the defendant on the record, *held*, that an indictment under G. L. (Ter. Ed.) c. 266, § 53A, charging that the defendant, being an officer of a trust company, "did loan funds of said corporation and knowingly receive or accept for said corporation . . . a fictitious, valueless, inadequate or irresponsible obligation as security for said loan, the consideration or security not being otherwise sufficient, and not being necessary to prevent loss upon a debt previously contracted in good faith," was not bad for duplicity on the ground that it confused the two separate

offences of lending funds of the bank to a borrower known to be insolvent and of knowingly receiving or accepting an obligation of a character prohibited by the statute: the second offence only was' charged by the indictment.

It *was stated* that the only matter of pleading which a defendant in an indictment is entitled to raise for the first time after a verdict or finding is a failure by the Commonwealth to allege, even imperfectly, any crime known to the law.

Where the defendant at the trial of an indictment failed to save an exception to an order by the trial judge at the close of the evidence permitting an amendment of the indictment to correspond with the proof, it was not open to the defendant to question the propriety of the amendment upon an appeal by him with assignments of error, filed after his conviction.

The provisions of law forbidding the savings department of a trust company to invest in a real estate mortgage more than sixty per cent of the value of the real estate have no application to the commercial department of the trust company.

There is no conflict between G. L. (Ter. Ed.) c. 266, § 53A, and c. 172, § 33; c. 172, § 61; c. 168, § 54; or c. 167, § 47.

The word "knowingly" in G. L. (Ter. Ed.) c. 266, § 53A, does not involve a purpose and design to act in an illegal way.

The judge, at the trial of an indictment for violation of G. L. (Ter. Ed.) c. 266, § 53A, having ruled that it was incumbent upon the Commonwealth to prove the negative exceptions contained in the statute, there was no error in his refusal to rule, as requested by the defendant, that "the Commonwealth must prove beyond a reasonable doubt by positive evidence the negatives provided in any statute."

There can be no reversible error in a ruling or a failure to rule upon an abstraction. Per LUMMUS, J.

This court cannot review a finding of fact, supported by evidence, by a judge of the Superior Court who heard an indictment without a jury.

Where an officer of a trust company knowingly lent from its funds and credit to speculative builders substantially the whole value of and investment in the properties covered by mortgages accepted by him for the trust company as the sole security, leaving no substantial margin of value above the amount of the loans and making a loss certain in case of the slightest adverse change in conditions, he properly could be found to have accepted "obligations" known by him to be "inadequate" as banking security within the meaning of G. L. (Ter. Ed.) c. 266, § 53A; and to have been guilty of a violation of that statute.

Two INDICTMENTS, found and returned on December 31, 1931, charging the defendant with violations of § 53A, added to G. L. c. 266 by St. 1922, c. 313, § 2.

The defendant having waived trial by jury, the indictments were heard together by *Williams,* J., in the Superior

Court. The defendant was found guilty upon each indictment, and filed an appeal with assignments of error.

The seventh assignment was the refusal of the judge to rule, as requested by the defendant, "11. The Commonwealth must prove beyond a reasonable doubt by positive evidence the negatives provided in any statute." It appeared that the judge stated, with respect to such request, "Your number 11 is too broad. I do understand that where there is an exception stated in the enacting clause of the statute, that exception must be proved. So restricted, I will so restrict my ruling, as requested by you."

The other assignments of error are described in the opinion.

The cases were submitted on briefs.

*J. N. Johnson*, for the defendant.

*W. L. Bishop*, District Attorney, & *W. G. Andrew*, Assistant District Attorney, for the Commonwealth.

LUMMUS, J. The first of these cases is an indictment under G. L. (Ter. Ed.) c. 266, § 53A, which originated in St. 1922, c. 313, § 2. The text of the statute appears in *Commonwealth* v. *Nichols*, 257 Mass. 289. The indictment charged in three counts that the defendant, with others, being officers of the Medford Trust Company, "did loan funds of said corporation and knowingly receive or accept for said corporation . . . a fictitious, valueless, inadequate or irresponsible obligation as security for said loan, the consideration or security not being otherwise sufficient, and not being necessary to prevent loss upon a debt previously contracted in good faith." The second of these cases is an indictment in one count under the same statute, in the same form. By specifications filed upon motion by the defendant, it appeared that the four counts referred to distinct offences.

The defendant, under G. L. (Ter. Ed.) c. 278, § 2, c. 263, § 6, waived his right to trial by jury, and was tried by the Superior Court without jury. The trial judge ordered that the cases be subject to G. L. (Ter. Ed.) c. 278, §§ 33A–33G, which provide for carrying questions of law to this court in cases of felony upon an appeal, a summary of the record, a

transcript of the evidence, and an assignment of errors, in place of a bill of exceptions. *Commonwealth* v. *McDonald,* 264 Mass. 324. The defendant was found guilty upon each count in the first case, and upon the single count in the second case, was sentenced to pay a fine upon each count, and duly filed his claim of appeal and his assignment of errors. The assignment of errors is by no means clear, and hardly comes up to the requirement of the statute that the "specific grounds upon which any claim of error is based shall be set forth in concise form." Yet we deal with it as we understand it.

The first error assigned is that the court failed to quash the indictments, although no motion to quash was filed. The defendant urges that the indictments are bad for duplicity, because the pleader confuses two separate offences under the statute, (1) loaning funds to an individual, corporation, etc., known to be insolvent, and (2) knowingly receiving or accepting a fictitious, valueless, etc., obligation. But it is clear that the latter offence is the only one charged. There is no allegation that the borrower was known to be insolvent, and the reference to a loan is only for the purpose of showing the occasion for taking an obligation as security. There is no such conflict as the defendant asserts between the section under which the indictments were drawn and G. L. (Ter. Ed.) c. 172, § 33, giving to trust companies the right to advance money or credits "on real estate situated in the commonwealth and on personal security, on terms to be agreed upon." The general language of the latter statute grants no right to accept security known to be inadequate. A lesser formal objection to the indictments, that the alternative elements of the offence are alleged disjunctively, thus violating the rule requiring certainty in criminal pleading, is not taken. *Commonwealth* v. *Grey,* 2 Gray, 501. *Commonwealth* v. *Burns,* 9 Gray, 287. *Commonwealth* v. *O'Brien,* 107 Mass. 208. *Commonwealth* v. *Adams,* 127 Mass. 15, 19. *Rex* v. *Surrey Justices,* [1932] 1 K. B. 450. See G. L. (Ter. Ed.) c. 277, § 31. We have dealt with the objections to the indictments as though open on this appeal; but the practice of raising questions of pleading after the verdict or finding has long since become obsolete. G. L. (Ter. Ed.) c. 278, §§ 17,

34. *Commonwealth* v. *Drohan*, 210 Mass. 445, 447. *Commonwealth* v. *Lombardo*, 271 Mass. 41, 44. It is only a failure to allege, even imperfectly, any crime known to the law, that can be raised at such a stage of the case. *Commonwealth* v. *Cooper*, 264 Mass. 378.

The second assignment of error is that the court, after all the evidence had been taken, ordered the indictment in the second case amended under G. L. (Ter. Ed.) c. 277, § 35A, to correspond with the proof, by alleging a loan of credit as well as funds, since the evidence showed that the loan alleged was made in the form of certificates of deposit instead of money. Although no written amendment was formally filed and allowed, the case must be treated as though that had been done. This amendment, as has been substantially pointed out earlier in this opinion, related only to the inducement or occasion for taking the obligation, and not to any essential element of the offence charged. See G. L. (Ter. Ed.) c. 277, § 35. No exception to the allowance of the amendment was noted, and if there was any error in its allowance, which we do not intimate (see *Commonwealth* v. *Snow*, 269 Mass. 598), the point is no longer open.

There is no conflict between G. L. (Ter. Ed.) c. 266, § 53A, under which these indictments were found, and G. L. (Ter. Ed.) c. 172, § 61, c. 168, § 54, prohibiting a savings department of a trust company from investing in a real estate mortgage more than sixty per cent of the value of the real estate, or G. L. (Ter. Ed.) c. 167, § 47, penalizing the wilful doing of an act forbidden by the banking laws. The judge was right in ruling that the limitation of sixty per cent has no application to the commercial department of a trust company, and that ruling was apparently favorable to the defendant. We perceive no error in the matters raised by the fourth and fifth assignments.

The sixth assignment is that the judge refused to rule that the word "knowingly" in G. L. (Ter. Ed.) c. 266, § 53A, involves a purpose and design to act in an illegal way. The statutory word "imports a perception of the facts requisite to make up the crime" (*Commonwealth* v.

*Horsfall,* 213 Mass. 232, 237, *Walkden's Case,* 237 Mass. 115, *Garvey* v. *McNulty,* 270 Mass. 260), but contains no element of purpose to violate a law.

The seventh assignment is that the judge refused to rule that "the Commonwealth must prove beyond a reasonable doubt by positive evidence the negatives provided in any statute," which, if applied to this case, means that the Commonwealth must prove that the security for the loan was not sufficient without the obligation in question, and that the taking of the obligation in question was not necessary to prevent loss upon a debt previously contracted in good faith. Since these exceptions to criminal liability are found in the same sentence and clause of the statute with the definition of the crime, and really form part of that definition, the exceptions were rightly negatived in the indictment and had to be negatived beyond a reasonable doubt by the proof. *Commonwealth* v. *Hart,* 11 Cush. 130. *Commonwealth* v. *Jennings,* 121 Mass. 47. *Commonwealth* v. *Lee,* 247 Mass. 107. *Commonwealth* v. *Sokorelis,* 254 Mass. 454, 459. G. L. (Ter. Ed.) c. 277, § 37. For a similar rule in civil cases, see *Ansell* v. *Boston,* 254 Mass. 208, 211, 212; *Garvey* v. *Wesson,* 258 Mass. 48, 51; *Smith* v. *Hill,* 232 Mass. 188, 193. It appears from the transcript that the judge declared the true rule applicable to this case as to the burden of proof, and merely refused to use the words "by positive evidence," whatever they may mean, or to extend the ruling to all "negatives provided in any statute," whether contained in the enacting clause or not. There is nothing in this assignment. There can be no reversible error in a ruling or a failure to rule upon an abstraction.

The remaining assignments in various forms make the point that the evidence did not warrant the finding of guilty. A careful reading of the whole evidence shows the contrary, and we cannot review the finding of fact. The judge found that the defendant did not intend to defraud the Medford Trust Company, in which he was heavily interested. But the judge could have found and apparently did find that the defendant knowingly lent from its funds and credit to speculative builders substantially the whole value of and invest-

ment in the properties covered by the mortgages accepted by him as the sole security, leaving no substantial margin of value above the amount of the loans and making a loss certain in case of the slightest adverse change in conditions. The judge could have found that the "obligations" accepted were known to be "inadequate" as banking security, and that the transactions amounted to using the funds and credit of the Medford Trust Company in real estate and building speculation. One purpose of the statute was to make such conduct penal.

*Judgments affirmed.*