Gillen, J.,
dissenting: I cannot agree with the opinion of the majority.
Acts of 1914, Chap. 553, now Gr. L. (Ter. Ed.), Ch. 231, see. 85, reads as follows: — ‘ ‘ Sec. 1. In all actions, civil or *127 criminal to recover damages for injuries to the person or property or for causing the death of a person, the person injured or killed shall be presumed to have been in the exercise of due care, and contributory negligence on his or her part shall be an affirmative defense to be set up in the answer of and proved by the defendant. Sec. 2. All acts and parts of acts inconsistent herewith are hereby repealed.” The title of that act is, — “An Act Relative to Proof of Contributory Negligence in Actions for the Recovery of Damages for Injuries.”
I know of no reason why that law should not be controlling in “dog damage” actions as well as in other actions for damages to person or property. I do not feel that when the legislature enacted into law Chap. 320, sec. 18, of the Acts of 1934, it intended to make the obligations of a plaintiff who sought to recover damages in an.action under it any greater than the obligations of a plaintiff in any other type of action to recover damages for injury to person or property. At least, the title of the act does not indicate it, viz., —“An Act Relative to the Licensing and Keeping of Dogs and to the Payment of Damages Caused by Dogs.”
I believe the intent of the legislature in Chap. 320 of 1934 was solely to wipe out double damages and to regulate the licensing of dogs. I do not think it was intended to make such a radical change from the established practice in relation to “dog damage” actions that the plaintiff was to be forced to prove that he did not do certain things before he got to the point where he could attempt to prove that he had been injured and should be compensated for said injury.
When the legislature enacted this law, Chap. 231, sec. 85, of Gen. Laws (Ter. Ed.), was on the statute books, and I weigh this fact in reaching the conclusion that under Acts of 1934, Chap. 320, sec. 18, the burden of showing a plain *128 tiff . . . “at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog, is upon the defendant.”
The defendant in the instant case lays great stress on the rule, as to “burden of proof” laid down in Ansell v. City of Boston, 254 Mass. 208, Com. v. Lee, 247 Mass. 107, and Com. v. Hart, 11 Cush. 130, 134.
I do not know how any judicial tribunal can properly arrive at the true intent of the legislature by applying the rule laid down in Ansell v. City of Boston, 254 Mass. 208, supra, alone, and by this act make a decision as to legislative intent. As to this matter I agree with the majority opinion.
I hold that the sounder method of judicial interpretation of legislative intent is set forth in Veginan v. Morse, 160 Mass. 143, 146, . . . “not on a nice interpretation of the particular words used but upon a general view of what the legislature would be likely to intend”; or again the rule established in Duggan v. Bay State St. Ry., 230 Mass. 370, 374, . . . “It is a principle of general scope that a statute must be interpreted according to the intent of the makers, to be ascertained from its several parts and all its words construed by the ordinary and approved usage of the language, unless they have acquired a peculiar meaning in the law, considered in connection with the cause of its enactment, the subject matter to which it applies, the pre-existing state of the common and statutory law, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that it be given an effect' in harmony with common sense and sound reason.”
A review of the history of Acts of 1934, Chap. 320, shows that the original petition contained in House Bill No. 528 called only for “revision of laws relative to licensing and keeping of dogs and payments of damages done by dogs” *129 (no request for legislation relative to the revision of burden of proof or procedure in “dog damage” actions) and that after passing through various committees of the legislature the law was enacted, insofar as section 18 is concerned, substantially as originally petitioned for, with the single change of the words “except when” to “unless.” Legislative Documents & Bulletin, 1934.
While the law in Massachusetts in relation to “dog damage” actions was well established for years, viz. — “That the plaintiff in order to recover must show that he was in the exercise of due care,” Raymond v. Hodgson, 161 Mass. 184, and “this must be alleged in the declaration”, Revised Laws', Chap. 102, sec. 146, in Duggan v. Bay State St. Ry., supra, 230 Mass. 370, 377, the court, in interpreting Chap. 553, Acts of 1914, now Gr. L. (Ter. Ed.), Chap. 231, sec. 85, said . . . “it shifts the burden of proof from the plaintiff, who formerly was obliged to establish by the greater amount of credible evidence that he was free from contributory negligence, to the defendant, who now must fasten contributory negligence upon the plaintiff by the greater amount of credible evidence or he fails upon this aspect of the case, . . . the tribunal hearing the case must still be satisfied on all the evidence that the plaintiff was in the exercise of due care and did not by his own acts of omission or commission help to produce injury, and that the defendant was negligent.” It put the law of Massachusetts in harmony with the Federal law.
I feel that at least previous to the passage of Chap. 320 of the Acts of 1934 that Gr. L., Ch. 231, sec. 85, was controlling in “dog damage” cases and that construing the language of Chap. 320, see. 18, of the Acts of 1934, strictly would warrant the conclusion in the majority opinion, but I do not think the search for legislative intent should’be con *130 fined solely to the words used in sec. 18, to the exclusion of other facts relating to the passage of the act.
While a person may in some instances tease a dog and yet be in the exercise of due' care, I do not think the legislature of 1934, that was made up of only seventy-two lawyers out of two hundred eighty legislators, intended to draw this fine line, notwithstanding the language used.
Should a-maxim'that “all legislators are presumed to know all existing law” be applied by a judicial body in arriving at legislative intent, disregarding the rule as to finding legislative intent set forth in Duggan v. Bay State St. Ry., 230 Mass. 370, 374? Or is the situation one where the legislature adopted the bill substantially as originally petitioned for, with the intent of changing the law as to licensing dogs and abolishing double damage, with no thought of shifting the burden of procedure then existing in this type of .action.
What was said of criminal pleading in Com. v. Gallo, 275 Mass. 320, 325, as to the tendency in recent years of legislative enactments- and judicial decisions is, I think, equally true in regard to civil pleading and practice, and burden of proof, — that the trend has been to simplify it and bring the cause and issue quickly before the court, free from a multitude of technical and dilatory hurdles.