Sullivan, J.
In this action of contract, the plaintiff, an attorney, seeks to recover the sum of one hundred sixty-three dollars for legal services rendered. The answer filed contained a general denial. The case was tried upon a “Statement of Agreed Facts” the substance of which is summarized in the following language; that Catherine H. Donovan of Lexington died October 30, 1936 leaving a husband, John J. Donovan and no issue; that oh November 18, 1936 the husband was appointed administrator; that on December 19,1936 an instrument purporting to be the last will of the deceased, in which Elizabeth O’Hara, the surviving sister of Catherine H. Donovan, was devised the entire estate and the husband omitted, as he and the testatrix were living apart under a written agreement since September 23, 1929, was filed for probate; that the executor named had deceased and that Francis E. Burke was appointed Special *2 Administrator and later appointed and qualified as administrator c. t. a.; that the plaintiff admits that he never was employed by John J. Donovan, administrator nor by Francis E. Burke, special administrator; that the plaintiff prepared, on behalf of Elizabeth O’Hara, a petition for probate and paid an entry fee for the same on April 13, 1937, he published it and notice was given by registered mail and an appearance was entered on behalf' of the husband of the testatrix; that the will was proved June 10,1937; that after a conference at this time the plaintiff’s appearance was withdrawn; that the conferences had to do with the rights of Elizabeth O’Hara and the preservation of them, a checkup upon the accounting and “opposition to the right of exercising waiver”; that on June 16,1937 the husband returned his letter of appointment as administrator and later on August 19, 1937 he filed his waiver of the will and made claim of his rights as if his wife had died intestate; that the claim of the plaintiff is for professional services and expenditures made by him and the charges are reasonable, that the determining issue is as to the liability of the estate to pay the same in any amount.
The plaintiff filed three requests for rulings, i. e. “1. That upon the Statement of Agreed Facts as a matter of law a finding is required for the plaintiff. 2. That where an attorney at law prepares and files a petition in behalf of the sole devisee in a will for the probate of the mil of the testatrix and as a result the will is probated and an administrator c. t. a. is appointed and attends professionally to proper publications, advertisements, and requisite hearings in connection with the creation of such estate, the attorney at law is entitled to recover for the fair value of his services in quantum meruit from the estate thus created. 3. That where the parties submit to a court of law for deter- *3 initiation of their respective rights a court of law has jurisdiction to pass upon and determine the subject matter.” Numbers 1 and 2 were denied and number 3 denied as inapplicable to agreed facts. There was a finding for the defendant.
This cause was tried on a Statement of Agreed Facts, Gorham vs. Stearns, 42 Mass. 366, Kidder et als. vs. Mayor of Cambridge, Mass. Adv. Sh. (1939) 1979.
It is to be determined on its merits, upon the facts agreed, as if the question relating to them had been presented upon proper pleadings. Fay v. Duggan, 135 Mass. 242, 243 and cases cited.
The single question to be decided is as to whether or not the plaintiff had been engaged by either of the administrators. The plaintiff admits no such employment and “that the conferences” held by him “in connection with the subject matter (the proof of the will) were in reference to the interests of Elizabeth O’Hara”, the sole devisee “in the estate.and the preservation of her interest therein; a checkup upon the account or accounts as filed and opposition to the right of exercising waiver” (on the part of the decedent’s husband, first named as administrator). This indicates that the plaintiff’s interest as attorney in the cause was to protect and preserve the interests of his client, Elizabeth O’Hara and not to render service to either of the duly appointed representatives of the estate. The plaintiff’s services were not rendered at the request of either administrator.
It does not appear in the report as to who did file the will.
The trial court could have found that no contractual relation existed between the plaintiff and either of the administrators and whatever professional services that he rendered were in behalf of his client, to the end that she would re *4 ceive all the benefits that the will gave her, and not to benefit. the estate. In the circumstances “quantum meruit” will not lie. It cannot be said that the trial court was plainly wrong, but on the contrary view he could not on the “Statement of Agreed Facts” do otherwise than make a finding for the defendant. The evidence warranted such finding. Boston & Albany R. R. Co. v. Commonwealth, Mass. Adv. Sh. (1937) 83, 86, 87 and cases cited.
We have examined the cases cited by the plaintiff but they are to be distinguished by their facts and are not in point.
There was no prejudicial error in the disposition of the plaintiff’s requests for rulings of law. Ruling ¡#1 was rightly denied as the trial court would be warranted in finding that the plaintiff was not employed by a duly authorized representative of the estate; #2 was rightly denied in that its recitation of facts is not fully set out, but is an abstraction of facts that are unfavorable to the defendant and it ■fails to mention other facts pertaining to the plaintiff’s lack of employment that are favorable to the defendant and thereby warranted the trial court in finding the plaintiff was not retained by either of the administrators and cannot prevail in this cause; see Com. v. McKnight, 283 Mass. 35, 40; Morrison v. Medaglia, 287 Mass. 46, 52; #3 was rightly denied and the disposition of the ruling needs no comment.
There is no prejudicial error apparent on the record and the report is dismissed.