ERNEST L'HUILIER *vs.* CITY OF FITCHBURG.

Worcester.    September 24, 1923. — October 8, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Way,* Public.  *Damages,* For property taken or injured under statutory authority.  *Jurisdiction.  Actionable Tort.*

Statement by RUGG, C.J., of the distinction between specific and general or ordinary repairs of a highway.

A pavement laid by a city on a street in 1901 was from seven to ten inches higher than a grade which had been established by the city in 1886.  In 1918, by order of the city council, the grade of the street was established so that it substantially coincided with the actual grade as it had been since 1901 and the street was ordered constructed accordingly.  Work on the repaving was begun on September 8, 1919.  *Held,* that the order passed in 1918 provided for specific as distinguished from general or ordinary repairs.

No action can be maintained at common law for damages caused by general or specific repairs upon a highway after it is once laid out and constructed: the only remedy is statutory.

Under St. 1917, c. 344, Part II, § 28, now G. L. c. 79, §§ 10, 14, 16, the Superior Court had no jurisdiction to entertain a proceeding begun on October 22, 1920, for the assessment of damages arising from the work begun on September 8, 1919, in pursuance of the order above described, such proceeding having been begun too late.

Since the damage alleged to have been sustained was caused by specific repairs, the provisions of St. 1917, c. 344, Part IV, §§ 21, 22, now G. L. c. 79, § 10, had no pertinency and did not aid the plaintiff.

TORT.   Writ dated October 22, 1920.

The nature of the pleading filed by the plaintiff in lieu of a declaration on the return day of the writ is described in the opinion.   The answer of the defendant (or respondent) was a general denial.

In the Superior Court, there was a trial before *Fosdick,* J. Material evidence is described in the opinion.   At the close of the evidence, the defendant (or respondent) asked, among others, for the following rulings:

" 1. Upon the petition and all the evidence the petitioner is not entitled to a recovery from the respondent."

" 3. The petition was not seasonably filed and the petitioner is not entitled to a recovery in this proceeding."

" 6. This proceeding should have been instituted within one year from the day when the work was actually commenced on Fairmount Street."

The jury made special findings to the effect that the plaintiff (or petitioner) had suffered no damage as lessee, and that he had suffered damage to his business in the sum of $225 " by reason of the manner in which the work on Fairmount Street was done," and found for the plaintiff (or petitioner) in that sum. The defendant (or respondent) alleged exceptions.

*C. T. Flynn*, for the respondent.

*J. F. McGrath & J. C. Fitzgerald*, for the petitoner, submitted a brief.

RUGG, C.J. This proceeding was begun as an action of tort by a writ in ordinary form dated and served on the defendant on October 22, 1920, and returnable to the Superior Court on the first Monday of December, 1920. No declaration was inserted in the writ or filed in court, but on the return day of the writ there was filed a paper entitled " Plaintiff's Petition." Therein it was alleged that the petitioner was lessee by written lease for a term of two years beginning with the first day of April, 1919, of a parcel of land on Fairmount Street in Fitchburg; that, by order passed by the city council of Fitchburg, the grade of Fairmount Street was established and raised from its former grade and the work of construction in accordance therewith had been completed to the damage of the leasehold estate; that within one year after the commencement of the work of construction the petitioner applied to the city council to award him compensation for such damage; and that, although more than thirty days had elapsed after filing the petition, no damages had been awarded.

There was evidence tending to show that the grade of Fairmount Street was legally established in 1886. Its actual grade shown by pavement laid in 1901 and remaining unchanged until 1919 was from seven to ten inches higher than the established grade. In 1918 the commissioners

of public works petitioned the city council to reëstablish the grade because the existing grade did not coincide with the legally established grade. The city council, by order adopted on November 26, 1918, ordered and decreed that the grade be established and that the street be constructed " in the manner and according to tables annexed to the said order." The grade thus legally established was substantially coincident with the actual grade, the difference not being appreciable to the eye but being in truth near the plaintiff's premises from one and one half to one and three quarters of an inch lower than the previous actual grade. The maximum difference at any point on the street between the former actual grade and the newly established grade was two and seven eighths inches. The work of repavement in compliance with the order of November 26, 1918, was commenced on September 8, 1919, and completed on October 18, 1919.

The question arises whether the order of November 26, 1918, establishing a new grade and providing for the repavement of the street in conformity thereto, was a specific repair or a general repair. When changes are made in the grade of a public way by an authority competent to fix the grade, which specifically declares the nature and extent of the changes in the record of its proceedings, repairs made accordingly within a reasonable time thereafter are specific repairs. General or ordinary repairs are those made or ordered either by an officer or board not authorized to establish the legal grade, or by an officer or board authorized to establish the legal grade but without specifically determining by its order the nature and extent of the change to be made, although, occasionally even in this class of orders for repairs, radical and important changes not merely incidental to reconstruction may stamp the repair as specific rather than general or ordinary. *Sullivan* v. *Fall River*, 144 Mass. 579, 585. *Sisson* v. *New Bedford*, 137 Mass. 255, 257, 258. *Albro* v. *Fall River*, 175 Mass. 590, 593. *Bigelow* v. *Worcester*, 169 Mass. 390, 392. *Draper* v. *Mayor of Fall River*, 185 Mass. 142, 149.

It is plain that under these established principles the order

of November 26, 1918, provided for specific as distinguished from general or ordinary repairs. It was passed by the municipal board clothed with authority to establish the legal grade of the street, and as a part of the record of its proceedings it changed substantially that grade and prescribed considerable modifications as to construction and surfacing of the street. The cases upon which the plaintiff relies, *Barker* v. *Taunton,* 119 Mass. 392, *Proctor* v. *Stone,* 158 Mass. 564, and *Galeano* v. *Boston,* 195 Mass. 64, are too clearly distinguishable from the case at bar in their facts to require comparative analysis.

It is provided by St. 1917, c. 344, Part II, § 28, now G. L. c. 79, §§ 10, 14, 16, that a petition to the Superior Court for a jury for the assessment of damages arising from specific repairs must be filed within one year from the day when work is actually commenced. No action can be maintained at common law for damages caused by general or specific repairs upon a highway after it is once laid out and constructed. There is no remedy except such as is afforded by the statutes. *Hyde* v. *Boston & Worcester Street Railway,* 194 Mass. 80. The present proceeding is brought and can be maintained only under the statutes. It manifestly was not commenced within the time thus limited in the statutes. This is true even if it be assumed in favor of the plaintiff, but without intimating a decision to that effect, that the date of the writ may be treated as the time of filing the petition. " In every case where a right is given by statute coupled with a requirement that an action to enforce it shall be commenced within a stated period, ' Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are, therefore, to be treated as limitations of the right.' *The Harrisburg,* 119 U. S. 199, 214." *Crosby* v. *Boston Elevated Railway,* 238 Mass. 564, 566. *Sterling* v. *Frederick Leyland & Co. Ltd.* 242 Mass. 8, 13, and cases there collected. *Cosmopolitan Trust Co.* v. *Cohen,* 244 Mass. 128, 133, 134. The court has no jurisdiction to entertain a petition brought after the time fixed by the statute has expired. *Peterson*

v. *Waltham*, 150 Mass. 564, *Sweet* v. *Boston*, 186 Mass. 79, 82. *International Paper Co.* v. *Commonwealth*, 232 Mass. 7, 10, and cases there collected.

Since the damage alleged to have been sustained was caused by specific repairs, the provisions of St. 1917, c. 344, Part IV, §§ 21, 22, now G. L. c. 79, § 10, have no pertinency and do not aid the plaintiff.

It becomes unnecessary to consider other defences which might be presented if there were jurisdiction over the matters complained of.

It follows that the first, third and sixth of the defendant's requests for rulings ought to have been granted. The entry must be, *Corbett* v. *Boston & Maine Railroad*, 219 Mass. 351, 356,

*Petition dismissed.*