MARGARET E. HESTER *vs.* CITY OF BROCKTON.

Plymouth.    November 14, 1924. — January 28, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Practice, Civil,* Amendment.  *Superior Court.  Damages,* For property taken or injured under statutory authority.  *Limitations, Statute of.*

The Superior Court has no jurisdiction or power to allow a motion, filed more than one year after an entry by a municipality upon a private way laid out as a public way, to amend an action of tort for damages resulting from work of construction by the municipality upon the way, which action had been begun within the year, into a petition for the assessment of damages under G. L. c. 79.

TORT, with a declaration, as amended, claiming damages to real estate of the plaintiff on Snow Street in Brockton, alleged to have been caused by improper and negligent digging by the defendant in the widening and changing of the grade of the street.   Writ dated January 3, 1923.

On April 14, 1924, the plaintiff filed a motion to amend the writ and declaration into a petition for the assessment of damages under G. L. c. 79.   On April 28, 1924, by order of *Broadhurst,* J., the motion was denied and the ruling was reported to this court for determination.

*C. G. Willard,* for the plaintiff.

*J. E. Handrahan,* for the defendant.

CARROLL, J.   The question to be decided in the case at bar is this: Has the Superior Court jurisdiction to allow an amendment of an action of law in tort, brought within one year after the entry by a city upon a private way laid out as a public way, to recover damages caused thereby to the plaintiff's land abutting on the way, into a petition for the assessment of such damages by a jury, under G. L. c. 79,

when the motion to amend is not filed until after the expiration of one year from the date of such entry? The trial judge ruled that, as matter of law and not as matter of discretion, the court had no jurisdiction to allow the amendment; and reported the case.

A petition for the assessment of damages under G. L. c. 79, § 14, must be filed within one year after the right to such damages has vested. G. L. c. 79, § 16. No action for such taking and damages can be maintained at common law. The only remedy is the one given by the statute. *Callender* v. *Marsh*, 1 Pick. 418. *Hyde* v. *Boston & Worcester Street Railway*, 194 Mass. 80. *L'Huilier* v. *Fitchburg*, 246 Mass. 349, 351.

The plaintiff relies on G. L. c. 231, § 51, which provides in substance, that the " court may, at any time before final judgment . . . allow amendments . . . changing the form of the action, and may allow any other amendment . . . which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought." And also on § 145 of this chapter, by which § 51 is made applicable to petitions for damages for taking by eminent domain, and for abatements of betterment assessments. No section corresponding to § 145 is to be found in the chapter on Pleading and Practice. R. L. c. 173. Section 145 of c. 231 of the General Laws is one of the cross-reference sections. G. L. c. 231, § 51, is found in R. L. c. 173, § 48. Section 145 of G. L. c. 231 contains the statement, for the first time, that § 51 applies to eminent domain cases; but this section was not intended to extend the time so that a right should be revived after it had gone out of existence. It might well be that an amendment could be allowed within the time the petition should have been brought; but the amendment could not be allowed after the year within which the petition should have been brought had expired, and the Legislature did not intend by this section of the statute, to give the plaintiff such right. It is settled law that, in every case where a right is given by statute, coupled with a requirement that an action to enforce it should be commenced within a stated period, " Time has been made of the essence of the

right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are, therefore, to be treated as limitations of the right." *The Harrisburg*, 119 U. S. 199, 214. *L'Huilier* v. *Fitchburg, supra. Sterling* v. *Frederick Leyland & Co. Ltd.* 242 Mass. 8, 13. This established rule was not changed by the sections referred to. The court had no jurisdiction to entertain the petition brought after the limitation of the statute had passed. *International Paper Co.* v. *Commonwealth*, 232 Mass. 7, 10, and cases cited; and it had no jurisdiction to allow the amendment changing the action of tort into a petition for the assessment of damages after the limitation had expired. *Partridge* v. *Arlington*, 193 Mass. 530. *Peterson* v. *Waltham*, 150 Mass. 564. This rule was not altered by the change in the statute. The court had no jurisdiction to allow the amendment.

The ruling of the trial judge was right, and judgment is to be entered for the defendant.

*So ordered.*