SAMUEL CASTALINE & others *vs.* HARRY SWARDLICK.

Suffolk. March 30, 1928. — September 20, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, WAIT, & SANDERSON, JJ.

*Jurisdiction. Limitations, Statute of. Bond,* To dissolve attachment. *Error, Writ of.*

The provision of G. L. c. 246, § 67, that no action on a bond to dissolve an attachment by trustee process, given under § 66, "shall be commenced after the expiration of six years from the date thereof" is a statutory limitation of action and not a provision that the court should have no jurisdiction of such an action brought after the expiration of the period named.

There is no warrant for disturbing, in a writ of error, a judgment entered for the plaintiff in an action brought upon a bond of the character described in G. L. c. 246, § 66, more than six years after its date if it appears that the defendants did not demur to the declaration nor set up in their answer the limitation provided by § 67.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on November 17, 1927, and afterwards amended, seeking to "reverse" a judgment entered in the Superior Court in April, 1925, in an action begun in the Municipal Court of the City of Boston on December 23, 1922, upon a bond dated February 23, 1916, and alleged in the petition to have been given under the provisions of R. L. c. 189, §§ 65, 66, the errors assigned being that the court had no jurisdiction of such action, and that by reason of G. L. c. 246, § 67, no action could be maintained on the bond after six years from its date.

Writs of error and scire facias issued. Material facts shown by the return by the Chief Justice of the Superior Court are stated in the opinion.

The defendant in error pleaded *in nullo est erratum.* The case was heard by *Pierce,* J., who ordered the judgment of the

Superior Court reversed. The defendant in error alleged exceptions.

The case was submitted on briefs.

*H. E. Burroughs & S. A. Dearborn,* for the defendant in error.

*H. Bergson & H. Kalus,* for the plaintiff in error.

RUGG, C.J.    This is a petition for a writ of error to reverse a judgment entered in the Superior Court in an action of contract, in which the defendant in error was plaintiff and the plaintiffs in error were defendants. The return shows that the plaintiff's declaration in that action alleged that there was entered in our Superior Court in March, 1916, the case of Harry Swardlick *v.* Fannie Barrett, wherein the Connecticut Fire Insurance Company was named as trustee; that the defendant Rubinstein [one of the plaintiffs in error], desiring to dissolve according to law the attachment of funds alleged to be in the hands of the trustee, gave a bond in which he was principal and the codefendants, Sarah Kaufman and Samuel Castaline [the other plaintiffs in error] were sureties, running to said Swardlick, in the sum of $2,000. The condition of the bond, so far as here material, was that if "said Fannie Barrett shall within 30 days after final judgment in the aforesaid action [Swardlick *v.* Barrett], . . . pay to the said plaintiff [Swardlick] the amount for which the said trustee may be charged . . . , then this obligation shall be void, otherwise it shall be and remain in full force and virtue." The date of the bond was the twenty-third day of February, 1916. The return further shows that action was brought upon that bond by writ dated the thirteenth day of December, 1922. The defendants in that action were duly served with process and severally answered, each pleading a general denial and payment. Judgment was entered and damages assessed for the plaintiff on the twenty-seventh day of April, 1925.

The ground upon which the petition for the writ of error is based is that by virtue of R. L. c. 189, § 66, now G. L. c. 246, § 67, the court had no jurisdiction of the cause of action set forth in that declaration. That statute provides that "No action on such bond shall be commenced after the

expiration of six years from the date thereof." Manifestly the action sought to be reviewed was "on such bond" and was "commenced after the expiration of six years from the date thereof"; but the action proceeded to judgment without that fact being pleaded by any of the defendants or otherwise brought specially to the attention of the court, so far as disclosed by the record. If a demurrer based on G. L. c. 246, § 67, had been interposed to the declaration, we assume that it would have been sustained. *Quinn* v. *Quinn,* 260 Mass. 494, 497. Clearly, if that had been seasonably pleaded as a defence, the plaintiff could not have prevailed. The essential question is whether the facts narrated and disclosed by the present record deprived the Superior Court of jurisdiction to enter the judgment sought to be reviewed.

There is a class of cases declaring the principle in substance that where a right and a remedy have been created by statute, and the time within which and the method according to which they must be pursued are prescribed as conditions, the court has no jurisdiction to entertain proceedings for relief begun at a later time or prosecuted in a different method. Compliance with the statutory requirements is treated as a condition precedent to the existence of the cause of action. "Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are, therefore, to be treated as limitations of the right." *The Harrisburg,* 119 U. S. 199, 214. *International Paper Co.* v. *Commonwealth,* 232 Mass. 7, 10. *Pratt & Forrest Co.* v. *Strand Realty Co. of Lowell,* 233 Mass. 314, 318. *Crosby* v. *Boston Elevated Railway,* 238 Mass. 564, 566. *Sterling* v. *Frederick Leyland & Co. Ltd.* 242 Mass. 8, 13. *L'Huilier* v. *Fitchburg,* 246 Mass. 349, 352. *Nicklas* v. *New Bedford,* 250 Mass. 471, 475. *Hester* v. *Brockton,* 251 Mass. 41. *Ansell* v. *Boston,* 254 Mass. 208, 213. *Gass* v. *Bean,* 5 Gray, 397. *Mayor of Revere* v. *Special Judge of the District Court,* 262 Mass. 393, 395. Whether a writ of error would lie in all such cases need not be considered because we are of opinion that it is not available in the case at bar. The action sought to be reviewed was contract

upon a bond. A bond, unless given for an unlawful consideration, constitutes after breach a good cause of action. A bond not in strict conformity to requirements of a statute may be enforced as a bond at common law. *Holbrook* v. *Klenert,* 113 Mass. 268. *Mosher* v. *Murphy,* 121 Mass. 276.

The words of the ordinary statutes of limitations are that the actions of the several kinds described "shall be commenced only within" the times specified after the causes of action accrued. G. L. c. 260, §§ 1, 2, 3, 4, 5, 21, 31. The statute of limitations affects only the remedy, must be pleaded, and if not set up in the answer is deemed to be waived. *McRae* v. *New York, New Haven & Hartford Railroad,* 199 Mass. 418, 419, and cases collected. The statute of frauds, G. L. c. 259, § 1, provides that "No action shall be brought" of the various kinds there enumerated, "unless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed" as therein specified. The statute of frauds is a matter of defence and must be pleaded if relied upon. It may be either waived or asserted at the election of the defendant. *Middlesex Co.* v. *Osgood,* 4 Gray, 447. A discharge in bankruptcy "shall release a bankrupt from all of his provable debts," but in order to be available it must be pleaded. *Herschman* v. *Justices of the Municipal Court,* 220 Mass. 137, 141. The court has jurisdiction to consider all such cases. To say, as does the statute here invoked, that no action "shall be commenced" on the bond after a specified time does not differ in substance from the operative words of the statutes just quoted. The statute urged by the plaintiffs in error, as showing that the court was without jurisdiction, is indistinguishable from these other statutes. It is in essence but a statute of limitations. The statement by Mr. Justice Holmes in *Sawyer* v. *Boston,* 144 Mass. 470, 472, is pertinent and controlling: "the mere fact that the time of bringing suit goes in some sense to the jurisdiction of the court does not necessarily take the case out of the general rules of pleading; otherwise pleas to the jurisdiction would never have been heard of." *Burnet* v. *Desmornes,* 226 U. S. 145. *Fauntleroy* v. *Lum,* 210 U. S. 230.

The Superior Court is a court of superior and general jurisdiction. It acquired jurisdiction over the parties in the action sought to be reviewed. It had general jurisdiction of the cause of action set out in the declaration. If the statute now urged by the plaintiffs in error had been pleaded in that court, the proper disposition of the case would have been judgment for the defendant and not action dismissed, as would have been required if the court was utterly without jurisdiction. *Corbett* v. *Boston & Maine Railroad,* 219 Mass. 351, 356. The case sought to be reviewed is not one where the Superior Court was without jurisdiction in the ordinary sense, but where the proper disposition was not made due to the failure of the defendants therein to present for consideration the issues decisive in their favor. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 40, 41. *Massachusetts State Grange* v. *Benton,* 272 U. S. 525, 528.

It follows from what has been said that the entry must be

*Exceptions sustained.*
*Judgment affirmed.*