PETRONELLA STOSKUS *vs.* ADAM P. STOSKUS.

Worcester. September 27, 1943. — November 29, 1943.

Present: FIELD, C.J., DONAHUE, QUA, & DOLAN, JJ.

*Probate Court,* Petition; Master: findings.

A document, entitled "supplementary petition," filed in a Probate Court in a proceeding for separate maintenance after the filing of a master's report on the original petition and averring that the respondent during the hearing had left the home of the parties and thereafter had

been separated from the petitioner, was in substance not a mere amendment of the original petition, which had been filed at a time when the parties were living in the same home, but was a new petition, and the status of the parties as to separation must be considered as of the time of the filing of the later petition.

No error appeared in the confirmation of a second report of a master appointed by a Probate Court in a proceeding for separate maintenance, who, after he had filed a first report and a new petition reciting new facts had been filed, had been directed, by an order of the court to which no appeal was taken, to "find the facts since the filing of the first petition" and to "consider all evidence already received on the first petition and reported by him, as taken de bene on the second petition," and in his second report had adopted and made a part thereof the findings made by him in his first report; upon confirmation such findings were properly considered by the judge.

PETITION for separate maintenance, filed in the Probate Court for the county of Worcester on October 21, 1942.

The case was heard by *Atwood,* J.

*B. C. Tashjian,* for the respondent.

*C. S. Murphy,* for the petitioner, submitted a brief.

DOLAN, J. This is a petition for separate support in which the petitioner alleged that the respondent had failed without just cause to provide suitable support for her and had deserted her, and that she was "living apart from her . . . husband for justifiable cause," and set forth among other specifications that "the respondent has been guilty of cruel and abusive treatment toward" her. The petition was filed on October 21, 1942, and the case was referred to a master. The master found that the parties were married in Worcester on January 22, 1907, and had lived continuously in that city since that date. On the day when the first hearing was held before the master, the parties were living in the same house, together with a daughter Donna. The master also found that the respondent, "by his conduct and accusations, by the use of vile and intemperate language and the laying of hands upon his wife and his daughter in the wife's presence, was guilty of cruel and abusive treatment toward the petitioner," that she is fearful of her husband and for the past two years has slept in her room under lock and key; and further reported that, if it was "within . . . [his] province to make any recommendation as to a reasonable amount for

allowance in case separate support is decreed," a reasonable amount would be $10 a week. These ultimate findings were amply supported by the subsidiary findings of the master and were expressly stated to be based upon the subsidiary findings of the master. See *Dodge* v. *Anna Jaques Hospital*, 301 Mass. 431. The report of the master was filed on January 20, 1943. On February 8, 1943, the petitioner filed a supplementary or second petition reciting that "during the hearing" the respondent had left the home and that they had been separated since; and praying that she be allowed to give further evidence before the master "for the purpose of determining this fact," and that the "evidence already submitted be taken de bene" in connection with the supplementary petition. An order of reference to the same master was made by the judge as follows: "In the matter of the supplementary separate support petition of Petronella Stoskus of said Worcester, against Adam P. Stoskus, of Worcester, in said county of Worcester, it is ordered that Emil Zaeder of said Worcester, be, and hereby he is, appointed special master in the above mentioned matter, to hear the parties interested, examine vouchers and evidence, find the facts since the filing of the first petition for separate support. He shall consider all evidence already received on the first petition and reported by him, as taken de bene on the second petition."

On April 23, 1943, the master filed his report on the second petition, in which he adopted the findings made by him in his first report and made "them part of this report." He further found that the respondent left the home which he had occupied with his family on January 4, 1943; that this was the date of the first-hearing before him (the master) on the original reference; that since that date the parties had been living apart; and that the petitioner was living apart from the respondent for justifiable cause. It does not appear that any objections were filed to the master's report.

On May 20, 1943, the judge allowed the motion of the petitioner that the master's report be confirmed except as to his recommendation "for $10 a week to . . . [the] petitioner." On the same day the judge entered a final decree in which he

found that the petitioner was living apart from the respondent for justifiable cause, and ordered him to pay to the petitioner for the support of herself "and said minor child" $16 forthwith and the same sum weekly until the further order of the court. The reference in the decree to the support of the minor child is apparently due to clerical error in filling out the printed form of decree since all the children of the parties are of full age. The respondent appealed from the interlocutory decree confirming the master's report (with the reservation before noted) and from the final decree.

The respondent's contentions are that the petitioner is not entitled to a decree of separate support on any ground other than failure to support, an alleged ground waived by the petitioner at the hearing before the master, unless she was actually living apart from the respondent when the proceeding was commenced; that the "supplementary" petition constituted nothing more than an amendment of the original petition; and that "since it failed to assert that the parties were living apart on October 21, 1942, the date when the original petition was filed," it added nothing to her case. The respondent further contends, in the alternative, that if the "supplementary" petition be regarded as a new petition, he was entitled to try out all the issues anew, and that "the consideration of evidence or findings in the earlier case was improper."

It is unnecessary to decide whether, as matter of law, a wife can maintain a petition such as the present one except for the cause of failure to provide suitable support (a cause waived by the petitioner in the present case) while living in the same dwelling as her husband, since we are of opinion that the so called supplementary petition, while so denominated, is in essence a new petition, alleging that the respondent had left the abode in which he had last lived with the petitioner, where she remains, and incorporating in its allegations by reference those contained in the first petition, and that it is not in the nature of an amendment to the original petition which would not suffice to create a cause of action if none existed when the original petition was brought. See *Childs* v. *Childs*, 293 Mass. 67, 72. Com-

pare *Giles* v. *Giles*, 293 Mass. 495, 499. The character of a pleading or other paper filed in a cause is to be determined from its essential substance rather than from its descriptive title or name. *E. S. Parks Shellac Co.* v. *Jones*, 265 Mass. 108, 110. *Universal Adjustment Corp.* v. *Midland Bank, Ltd.* 281 Mass. 303, 328. *Beaman-Marvell Co.* v. *Marvell*, 305 Mass. 246, 247. Thus considered, as before noted, we treat the so called supplementary petition, as did the parties and the judge, as a new petition brought when the parties were actually living apart in separate places of abode.

We proceed to the consideration of the respondent's alternative contention, that in the disposition of the second petition the judge was not authorized to consider the evidence which was the basis of the findings of the master in his report upon the first petition, which findings he incorporated in his report upon the new petition. We are of opinion that this contention cannot be sustained. We have already recited the terms of the order of the judge in referring the new petition to the master. No appeal was taken by the respondent from that order. In the absence of such an appeal it cannot be said that the findings of the master in his report on the first petition, incorporated by reference in his report upon the new petition, were not properly considered by the judge. The case of *Olsen* v. *Olsen*, 294 Mass. 507, 509–510, relied upon by the respondent, is not in point. There is no question of res judicata in the present case as there was in the *Olsen* case.

The final decree entered in the court below is to be modified by striking from the last paragraph thereof the words "and said minor child," and as so modified is affirmed.

*Ordered accordingly.*