WALTER S. FROST *vs.* FREDERICK M. KENDALL & another, administrators.

Middlesex.    December 5, 6, 1946. — January 8, 1947.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Equity Jurisdiction,* Specific performance. *Contract,* For sale of real estate. *Frauds, Statute of. Equity Pleading and Practice,* Plea, Appeal. *Superior Court,* Jurisdiction. *Executor and Administrator,* Real estate of decedent. *Error,* Whether error harmful.

A so called motion to dismiss a suit in equity for want of jurisdiction was properly dealt with by the trial court as a plea.

The Superior Court had jurisdiction of a suit in equity for specific performance of an oral contract to sell a parcel of land to the plaintiff, although the prospective seller had died after making the contract and the Probate Court in which his estate was being settled had issued a license to his administrator to sell an entire tract of land including such parcel.

A letter written by a prospective seller to the prospective purchaser under an oral contract for sale of part of a tract of land, "Next Saturday we will attend to the land business . . . and I can show you where 'stake and stone' can be put at corners," together with a sketch of the part to be sold prepared and orally agreed upon by the parties on that Saturday and a plan of the tract on which that part was shown, did not constitute a sufficient memorandum to satisfy the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1.

A final decree dismissing a bill in equity on the erroneous ground of want of jurisdiction was affirmed on appeal where it appeared that the suit had been fully heard on the merits also and that on the merits the plaintiff was not entitled to prevail.

BILL IN EQUITY, filed in the Superior Court on February 23, 1946.

The suit was heard by *Baker,* J.

*R. F. Huntsman,* for the plaintiff.

*G. B. Stuart,* (*T. L. Thistle* with him,) for the defendants.

RONAN, J.    This is a bill in equity for the specific performance of an oral contract alleged to have been made by the plaintiff with Alice M. Frost, the defendants' intestate, by which she agreed to sell to him for $2,000 a certain parcel of land in Framingham which was a portion of a larger tract

owned by her. The defendants admit in their answer that they have received a license from the Probate Court of Middlesex County to sell the entire tract of land for $12,000. The suit was heard upon the merits in the Superior Court, and we have a transcript of the evidence. The judge made no report of the material facts. At the beginning of the hearing the defendants filed a motion to dismiss on the ground that the court had no jurisdiction because the estate was being administered in the Probate Court of Middlesex County and that court had issued a license to sell the real estate involved in the present suit. After the hearing on the merits the judge filed a "memorandum," in which he stated that he treated the motion to dismiss as a plea in bar, that after he heard arguments upon it he reserved his decision until after the merits were heard, and that he allowed the motion and ordered the bill dismissed without costs. The plaintiff appealed from a final decree entered in accordance with this order.

The motion to dismiss so called was not a proper pleading in a suit in equity, *Rothstein* v. *Commissioner of Banks,* 258 Mass. 196, *Tyler* v. *Boot & Shoe Workers Union,* 285 Mass. 54; but a pleading is to be treated in accordance with its nature and substance rather than its title or form, and the judge was right in dealing with the motion as a plea to the jurisdiction. *E. S. Parks Shellac Co.* v. *Jones,* 265 Mass. 108. *Brotkin* v. *Feinberg,* 265 Mass. 295. *Stoskus* v. *Stoskus,* 315 Mass. 12. *Lyon* v. *Lyon,* 318 Mass. 646. The Superior Court has jurisdiction in equity of all cases cognizable under the general principles of equity jurisprudence, and this includes jurisdiction to compel specific performance of contracts to convey land. G. L. (Ter. Ed.) c. 214, § 1. *Noyes* v. *Bragg,* 220 Mass. 106. *Olszewski* v. *Sardynski,* 316 Mass. 715. Probate courts have the power to require specific performance of a written contract for the conveyance of real estate when the person who has executed such a contract has died without having made the conveyance, but jurisdiction to enforce specific performance of such a contract is concurrent with that of the Supreme Judicial Court and the Superior Court. G. L. (Ter. Ed.) c. 204, § 1. But the

plaintiff is not seeking to enforce a written contract, and the statute just mentioned does not extend the jurisdiction to an oral contract. *Derby* v. *Derby*, 248 Mass. 310, 314. *Black* v. *Abercrombie*, 267 Mass. 316. The fact that the Probate Court had issued a license to sell the entire tract of land made the defendants proper and necessary parties in a suit for specific performance because in the absence of such a license they would have no interest in the land and could not make an effectual conveyance. *Nunes* v. *Rogers*, 307 Mass. 438. *Roper* v. *Murphy*, 317 Mass. 176. The issuance of the license authorized the defendants to sell, but the Probate Court did not, for reasons already stated, acquire jurisdiction to compel them to perform the alleged oral contract with the plaintiff. There was, therefore, error in allowing the motion to dismiss.

The statute of frauds was pleaded by the defendants. The burden was upon the plaintiff to prove not only that he had made an oral contract with the intestate for the purchase of a parcel of her land but also that the decedent had signed a memorandum containing all the essential terms of this oral contract. G. L. (Ter. Ed.) c. 259, § 1. *Riley* v. *Farnsworth*, 116 Mass. 223, 225–226. *Beaver* v. *Raytheon Manuf. Co.* 299 Mass. 218. *Michelson* v. *Sherman*, 310 Mass. 774. *Fichera* v. *Lawrence*, 312 Mass. 287.

The only writing signed by the decedent was a letter to the plaintiff dated October 3, 1944, in which she stated, "Next Saturday we will attend to the land business instead of hunting up a carpenter and I can show you where 'stake and stone' can be put at corners." That letter does not disclose the terms or conditions of any contract between the parties. Indeed, it expresses little more than a willingness to show where the corner bounds of some unidentified parcel of land may be placed. That letter by itself is not a compliance with the statute. The plaintiff testified that he met the decedent at her home on the following Saturday; that she had a paper upon which she had sketched the boundaries together with a right of way; that she made some corrections on her sketch; that at her request he drew his own sketch, she agreeing to the boundaries as they were deline-

ated; and that later they took the sketch and a plan of the entire tract, upon which was shown the land she was to sell, to an attorney for the purpose of making the conveyance, but that the decedent died before the search of the title had been completed. The sketch that the decedent had prepared was not signed by her and was left upon her desk. Neither this sketch nor the plan was referred to in the decedent's letter of October 3, 1944. Whether this sketch and the plan may be considered with the letter need not be decided — see *Freeland* v. *Ritz*, 154 Mass. 257; *Nickerson* v. *Weld*, 204 Mass. 346; *Clark* v. *Olejnik*, 240 Mass. 215; *Webster* v. *Condon*, 248 Mass. 269 — because if these three documents may be construed together they do not evidence the material terms of any oral contract between the plaintiff and the decedent by which she promised to sell him the land. The memorandum being insufficient to take the case out of the statute, the inevitable result must be that the bill ought to be dismissed. *Riley* v. *Farnsworth*, 116 Mass. 223, 227. *Bogigian* v. *Booklovers Library*, 193 Mass. 444. *Sanjean* v. *Miller*, 248 Mass. 288. *Des Brisay* v. *Foss*, 264 Mass. 102, 109. *Williams* v. *Commercial Trust Co.* 276 Mass. 508, 517. See *Ezzell* v. *S. G. Holland Stave Co.* 210 Ala. 694.

It does not necessarily follow in these circumstances that the final decree dismissing the bill should be reversed simply because that decree was based upon the erroneous ruling allowing the motion to dismiss. Where, as here, there has been a full hearing upon the merits and it appears from the facts admitted, found, or indisputable that a certain conclusion is required as matter of law and the judge reaches that conclusion but upon an erroneous ground, his conclusion is not to be set aside. The party against whom the decision was made has not been harmed because in no event was he entitled to a favorable decision, and the other party should not be compelled to undergo the delay and expense of a second hearing when it is clear that no other or different decision can result. The plaintiff has had his day in court and is not entitled to another. *Freeman* v. *Robinson*, 238 Mass. 449. *Reilly* v. *Selectmen of Blackstone*, 266 Mass. 503, 512. *Nickerson* v. *Allen*, 293 Mass. 136. *Weidman* v. *Weid-*

*man,* 274 Mass. 118.   *Ryder* v. *Warren,* 295 Mass. 24.
*Rathgeber* v. *Kelley,* 299 Mass. 444.   *Savage* v. *McCauley,*
302 Mass. 457.   *Charles I. Hosmer, Inc.* v. *Commonwealth,*
302 Mass. 495.   *Kelley* v. *American Sugar Refining Co.* 311
Mass. 617.

*Decree affirmed.*