## VIRGINIA G. DEL GROSSO & others *vs.* BOARD OF APPEAL OF REVERE & another.

Suffolk. February 2, 1953. — February 27, 1953.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Zoning. Equity Jurisdiction*, Zoning. *Equity Pleading and Practice*, Motion to dismiss, Plea, Zoning appeal. *Jurisdiction*, Zoning. *Superior Court*, Jurisdiction.

A so called motion to dismiss a suit in equity for want of jurisdiction was an irregular pleading which should be treated as a plea. [31]

An appeal to the Superior Court under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, by one claiming to be aggrieved by a decision of the zoning board of appeals of a city granting a variance must be dismissed for want of jurisdiction where it, the appeal, was not filed in court within fifteen days after the recording of the decision with the city clerk, even though the board failed in its statutory duty to mail notice of the decision to the plaintiff and the appeal was filed within fifteen days after he learned of the decision. [32]

BILL IN EQUITY, filed in the Superior Court on July 24, 1952.

A so called motion to dismiss was heard by *Morton*, J.

*Samuel Leader*, for the plaintiffs.

*Arthur Brogna*, for the defendant Cutillo.

RONAN, J. This is a suit in equity by way of appeal under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, as amended, by persons alleging that they are owners of properties abutting a certain parcel of land and that they are aggrieved by a decision of the board of appeal of Revere granting the defendant Cutillo a variance in the

use of the land so as to enable him to use it for a funeral home.

It appears from the record that the plaintiffs attended a public hearing of the board of appeal on January 28, 1952, upon the application of Cutillo for a variance of the zoning ordinance and the board took the matter under advisement; that the board filed its decision with the city clerk on March 10, 1952, granting the variance, but that no notice of the decision was mailed to the plaintiffs; that there was a controversy between the members of the board as to whether the decision was unanimous; that these matters were not brought to the attention of the plaintiffs until July 11 or 12, 1952; that Cutillo on June 4, 1952, filed a petition for a writ of mandamus to compel the building inspector to grant a permit; and that on July 9, 1952, the Superior Court found that the variance of the zoning law was granted in conformity with said § 30, and that all members of the board concurred in the decision. The plaintiffs allege that notices of the mandamus proceeding were not given to them and that they were not parties thereto, and that they learned of the decision in that proceeding on July 11 or 12, 1952. This present appeal was filed on July 24, 1952. The members of the board filed no pleading, but Cutillo filed a motion to dismiss on the ground that the appeal was not filed within fifteen days of the filing of the decision of the board with the city clerk. This motion was allowed. A decree followed dismissing the appeal, from which the plaintiff Del Grosso appealed.

The statute, said § 30, relative to the powers and duties of the board of appeal provides that "The board shall cause to be made a detailed record of its proceedings, showing the vote of each member upon each question, or, if absent or failing to vote, indicating such fact, and setting forth clearly the reason or reasons for its decisions, and of its other official actions, copies of all of which shall be immediately filed in the office of the city or town clerk and shall be a public record, and notice of decisions shall be mailed forthwith to parties in interest as hereinafter designated." The

statute further provides that on the filing of a petition for a variance the board shall give notice of the holding of the hearing by publication "and also send notice by mail, postage prepaid, to the petitioner and to the owners of all property deemed by the board to be affected thereby, as they appear on the most recent local tax list . . . ."

That part of this section giving the remedy to one aggrieved by a decision of a board of appeal reads as follows: "Any person aggrieved by a decision of the board of appeals, whether or not previously a party to the proceeding, or any municipal officer or board, may appeal to the superior court sitting in equity for the county in which the land concerned is situated; provided, that such appeal is filed in said court within fifteen days after such decision is recorded."

. The question is whether there was error in dismissing the appeal which was admittedly filed more than fifteen days after the filing of the decision of the board although the board did not mail notices forthwith of its decision to the plaintiffs who were owners of properties abutting the premises for which a use varying from that permitted in the district for which it was zoned was granted by the board.

The motion to dismiss was not in this case a proper pleading, *E. S. Parks Shellac Co.* v. *Jones*, 265 Mass. 108, 110, *Tyler* v. *Boot & Shoe Workers Union*, 285 Mass. 54, 55, *Frost* v. *Kendall*, 320 Mass. 623, 624; but we have frequently decided that a pleading should be considered by its substance rather than its form, and have regarded such a motion as a demurrer or plea in accordance with the nature of the defect or defence to which the pleading was obviously directed. *Beaman-Marvell Co.* v. *Marvell*, 305 Mass. 246, 247. *Stoskus* v. *Stoskus*, 315 Mass. 12, 16. We treat the motion as the setting up of matter appropriate for a plea. *Magee* v. *Flynn*, 245 Mass. 128. *E. S. Parks Shellac Co.* v. *Jones*, 265 Mass. 108, 110. *Frost* v. *Kendall*, 320 Mass. 623, 624.[1]

---

[1] In *McGrath* v. *Watertown*, 181 Mass. 380, the respondent filed no pleadings, but after a jury had been empanelled an oral motion of the respondent to dismiss the petition for an assessment of damages was sustained on the ground that the petition was not brought within the time prescribed by the statute. A written motion to dismiss was filed some days later in accordance with an agreement made at the time the oral motion was argued.

The remedy invoked by the plaintiffs is one created by statute which describes those who are entitled to its benefits, the court in which it may be brought, the nature of the proceeding, and the time in which it must be commenced. In terms too plain for argument, it is not available unless the "appeal is filed in said court within fifteen days after such decision is recorded" in the office of the city clerk. The language is mandatory and does not easily permit any extension of time for any reason. Time is not merely a procedural limitation but is an essential part of the remedy. The governing principle was stated in these words in *Cheney* v. *Dover*, 205 Mass. 501, 503, "when a remedy has been created by statute and the time within which it must be pursued is one of the prescribed conditions under which it can be availed of, the court has no jurisdiction to entertain proceedings for relief begun at a later time." This rule has been frequently followed even where hardship at times has resulted.[1] The situation has sometimes been ameliorated by legislative action extending the time within which to bring suit. *Grove Hall Savings Bank* v. *Dedham*, 284 Mass. 92. Compare *Appleton* v. *Newton*, 178 Mass. 276.

It was the duty of the board of appeal to give notice to interested parties. *Prusik* v. *Board of Appeal of Boston*, 262 Mass. 451. *Roman Catholic Archbishop of Boston* v. *Board of Appeal of Boston*, 268 Mass. 416. *Kane* v. *Board of Appeals of Medford*, 273 Mass. 97. We do not reach the question as to the effect of the failure of the board of appeal to mail notices of its decision as we are met at the threshold of this case with the question of the right to file the appeal. We do not decide that the plaintiffs are without

---

[1] We cite a few of the decisions illustrating the principle. *Attorney General* v. *Barbour*, 121 Mass. 568. *Lancy* v. *Boston*, 185 Mass. 219. *McRae* v. *New York, New Haven & Hartford Railroad*, 199 Mass. 418. *Turner* v. *Gardner*, 216 Mass. 65, 69. *International Paper Co.* v. *Commonwealth*, 232 Mass. 7. *Crosby* v. *Boston Elevated Railway*, 238 Mass. 564. *Sterling* v. *Frederick Leyland & Co. Ltd.* 242 Mass. 8. *L'Huilier* v. *Fitchburg*, 246 Mass. 349, 352–353. *Hester* v. *Brockton*, 251 Mass. 41. *Grant* v. *Pizzano*, 264 Mass. 475. *Castaline* v. *Swardlick*, 264 Mass. 481, 483. *Jordan* v. *County Commissioners of Bristol*, 268 Mass. 329. *Krock* v. *Consolidated Mines & Power Co. Ltd.* 286 Mass. 177. *Old Colony Railroad* v. *Assessors of Quincy*, 305 Mass. 509. *Boston Five Cents Savings Bank* v. *Boston*, 318 Mass. 183. *DeVincent* v. *Public Welfare Commission of Waltham*, 319 Mass. 170.

remedy. We merely decide that on the undisputed facts the statutory appeal is not open to them.

There was no error in sustaining the motion to dismiss, so called, as the effect of the ruling sustaining it went to the very foundation of the appeal and required as to all the defendants a dismissal of the appeal. See *Codman* v. *Dumaine,* 249 Mass. 451; *Moran* v. *Manning,* 306 Mass. 404. The decree was properly entered and must be affirmed.

*So ordered.*