*Northern District*

No. 5398

F. MAYNARD TUCKER

v.

MOSES LUBETS

(July 21, 1960)

*Present:* Gadsby, P. J. & Northrup, J.

Case tried to *Harrington, J.,* in the District Court of Eastern Essex. No. 14,525.

*Gadsby, P. J.* This is an action of contract to recover $286.91 for poultry and eggs sold and delivered to the Hawthorne Inn Incorporated, formerly of Gloucester. The defendant, Moses Lubets was not an officer of record of the corporation. The answer is (1) a general denial and (2) the defendant, Moses Lubets is not responsible for the bills of the corporation, Hawthorne Inn.

*At the trial there was evidence tending to show that* the plaintiff, Tucker, a poultryman, had sold poultry and eggs to the Hawthorne Inn Incorporated in Gloucester in the amount of $286.91, which amount was not disputed by the defendant, and that prior to selling of these goods, the Hawthorne Inn Incorporated was deemed by the plaintiff and other Gloucester merchants a poor credit risk and could not obtain credit; and that to effect further credit the defendant, Moses Lubets, whose relatives were principal officers of the Hawthorne Inn Incorporated, made many oral promises to the plaintiff and his agents that *he would personally assume and guarantee any and all future debts for poultry and eggs incurred by the Hawthorne Inn Incor-*

*porated;* that a writing to one Sam Gordon of the Gloucester Supply Company was known to the plaintiff which in effect was deemed by the plaintiff coupled with the defendant's many oral promises to the plaintiff that all debts henceforth incurred by the Hawthorne Inn Incorporated would be assured by the defendant, Moses Lubets. The Court excluded from evidence a letter from the defendant, Moses Lubets, coupled with a copy of the letter from the defendant, Moses Lubets to Sam Gordon of the Gloucester Supply Company heretofore mentioned to which an exception was taken. The Court also excluded testimony of the plaintiff to the effect that the defendant, Lubets, had promised payment of the corporation's bill if the plaintiff would deliver goods to the corporation, Hawthorne Inn Incorporated, to which an exception was taken.

At the close of the trial and before the final arguments the plaintiff made the following requests for ruling:

1. The evidence *warrants* a finding for the plaintiff.

2. The evidence does not *warrant* a finding for the defendant.

3. As a matter of law the defendant, Lubets, at all times acted as a third party and not as an agent of the defendant.

4. As a matter of law the defendant, Lubets, by a communication to the Gloucester Supply Company intended that it should be universally known that he would be liable for the Hawthorne Inn Incorporated debts.

5. As a matter of law on the written statement to the

Gloucester Supply Company and subsequent oral agreements with the plaintiff, it should be found that the defendant, Lubets, intended to assume the plaintiff's claim.

6. As a matter of law a novation was effected between the plaintiff and the defendant and the Hawthorne Inn Incorporated.

7. As a matter of law the incorporation of the Hawthorne Inn which in fact the defendant controlled is no bar to the plaintiff's recovery in this action.

The Court denied the plaintiff's Requests (1) (2) (6) (7) and stated that (3) was not a request for ruling of law. (4) and (5) were denied.

The Court in effect denied all plaintiff's requests for rulings and made no special findings of fact.

The plaintiff presented request number 1 that,

"The evidence warranted a finding for the plaintiff".

In brief, the plaintiff asked the Court to rule that there was evidence sufficient for the trial judge to submit the case to himself in his capacity as jury. The Court denied this request. The Court in effect, ruled by this denial that a finding for the defendant was required as matter of law.

The refusal of a judge hearing an action without a jury to rule as requested by the plaintiff that there was evidence *warranting* a finding in his favor was reversible error if this was evidence justifying a finding for either party and the finding was for the defendant unless the judge stated that he referred the requested ruling as immaterial on

the facts found. *Bresnick v. Heath,* 292 Mass. 273. Here the judge made no finding of facts.

It would appear that the Court regarded the Statute of Frauds as pleaded by the defendant. The record shows no such plea. As was said in *Castaline v. Swardlick,* 264 Mass. 481 at 484,

"The Statute of Frauds is a matter of defence and must be pleaded if relied upon".

We therefore are of opinion there was error committed by the trial judge in the denial of the plaintiff's request number 1 and the case is ordered remanded for a new trial.

Merrill B. Nearis of Gloucester, for the Plaintiff. No brief or argument for the Defendant.