MANUEL BECKWITH & another *vs.* MASSACHUSETTS TURNPIKE AUTHORITY. May 29, 1968. The plaintiffs brought an action in tort "for trespass to real property and negligence resulting in damage to real property." The declaration alleged that the "defendant, as part of its construction on Beacon Street, raised the sidewalk and street level [adjacent to the plaintiffs' premises] by approximately seven inches," causing certain damage to the plaintiffs' building and its contents. The writ and declaration were entered on June 7, 1965, but no further pleadings were filed until October 13, 1967, when the plaintiffs filed a motion for leave to amend the declaration by substituting a petition for assessment of damages. This motion was denied by a judge of the Superior Court who also sustained a demurrer filed by the defendant in the original action. The plaintiffs subsequently filed a motion "to amend their [w]rit by substituting the words 'by [b]ill in [e]quity for [d]eclaratory [j]udgment' wherever the words 'in [t]ort' appear; to remove the action to the equity side of the . . . [c]ourt; and . . . to substitute [b]ill in [e]quity for [d]eclaratory [j]udgment in [p]lace of [d]eclaration." This motion was denied. The plaintiffs admit that the demurrer to the original action was correctly sustained. They except, however, to the denial of their motions to amend. There is no need for an extended discussion of the issue presented. It is obvious that the plaintiffs have attempted to substitute a new cause not intended when the tort action was begun. We note also that the statute of

limitations on an assessment of damages had run before the motion to amend was filed. G. L. c. 79, § 16. *Peterson* v. *Waltham,* 150 Mass. 564. *Hester* v. *Brockton,* 251 Mass. 41. *DeVincent* v. *Public Welfare Commn. of Waltham,* 319 Mass. 170, 171. *Del Grosso* v. *Board of Appeal of Revere,* 330 Mass. 29, 32, and cases cited. There was no error in the denial of the motions.

*Exceptions overruled.*

*Allan R. Rosenberg* for the plaintiffs.
*Paul A. Kelley* for the defendant.