JAMES J. FALANGA vs. CONSOLIDATED FOODS CORPORATION. July 10, 1969. In this action of tort for personal injuries caused by the defendant's negligence there was a verdict for the plaintiff. The defendant excepted "to that portion of the charge in which the Court made reference to a suggestion that pain and suffering might be worth a dollar an hour." Detailed quotation from the charge would not be profitable. There are two answers to the defendant's contention. (1) The wording of the exception is not a fair construction of the judge's language. (2) Additional instructions, which were not the subject of exception, completely disposed of any conceivable erroneous interpretation.

*Exceptions overruled.*

The case was submitted on briefs.
*Robert D. Callahan* for the defendant.
*Frank P. Hurley & Ralph H. Willard, Jr.,* for the plaintiff.

RICHARD D. HARKEY vs. SUPERINTENDENT, MASSACHUSETTS CORRECTIONAL INSTITUTION, NORFOLK & others. October 3, 1969. In the Superior Court this proceeding, amended to constitute a bill for declaratory relief, was dismissed on motion of the defendants, the superintendent, the Commissioner of Correction, and the Chairman of the Parole Board. The petition alleges (a) that Harkey is now serving a sentence of eight to twelve years, which commenced on December 14, 1962; (b) that he was released on parole in July, 1966; (c) that he was arrested on December 3, 1966, for an offence and was returned to Walpole on December 5, 1966, by reason of the parole violation resulting from this arrest; (d) that on January 17, 1967, he was sentenced for 1966 offences to serve two concurrent three to five year sentences concurrently with his original 1962 sentence; and (e) that he has not been given credit upon his later sentences for the period from December 5, 1966, to January 17, 1967. We treat the Attorney General's anomalous motion to dismiss (see *Del Grosso* v. *Board of Appeal of Revere,* 330 Mass. 29, 31, and cases cited) as a demurrer. The bill does not state with clarity all the facts essential to a full declaration (see *Woods* v. *State Bd. of Parole,* 351 Mass. 556, 559–560) concerning when Harkey will become entitled to release or the status of his sentences. Although the judge has not stated in the record his reasons for dismissing the bill (see *Weinstein* v. *Chief of Police of Fall River,* 344 Mass. 314, 317) Harkey, in any event, has not alleged facts entitling him to release. His bill attempts only to raise the issue whether he is entitled under G. L. c. 127, § 129B, and G. L. c. 279, § 33A, each as amended, to credit against his 1967 sentences for his confinement from December 5, 1966, to January 17, 1967. On the facts alleged, it is plain that his confinement during this period was not confinement awaiting trial but confinement under his original 1962 sentence by reason of parole violation. *Needel, petitioner,* 344 Mass. 260, 261–262. *Libby* v. *Commissioner of Correction,* 353 Mass. 472, 474–476. Nothing in *Stearns, petitioner,* 343 Mass. 53, is to the contrary.

*Final decree affirmed.*

The case was submitted on briefs.
*Arthur M. Tiernan, Jr.,* for the plaintiff.
*Bernard Manning,* Deputy Assistant Attorney General, for the defendants.