MARVIN GORODETZER *vs.* HARRY KRAFT.

Norfolk. November 2, 1971. — January 7, 1972.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Religion. Jurisdiction,* Justiciable question, Ecclesiastical controversy. *Libel and Slander. Pleading, Civil,* Motion to dismiss, Demurrer.

A motion to dismiss an action was properly treated as a demurrer where it was a demurrer in substance if not in form. |744|

Where the central issue of litigation is essentially ecclesiastical in nature, sound policy dictates that the religious denomination, and not the courts, interpret its own body of church policy. |745|

In a libel action where the plaintiff alleged that he was "a respected kosher caterer" and alleged to be "wholly false" and "maliciously" written statements in a letter sent by the defendant to rabbis and officials of Jewish congregations, that the plaintiff had withheld fees entrusted to him for transmission to a religious society, had been adjudged guilty of and fined for religious violations, and had been subsequently the subject of a hearing on further such violations, the plaintiff's declaration stated a justiciable cause of action because it did not raise issues determinable only by reference to Jewish law, and also because a statement in the defendant's letter could be reasonably viewed as an accusation that the plaintiff had been guilty of larceny or embezzlement. |744–746|

TORT. Writ in the Superior Court dated March 22, 1967.

The plaintiff appealed from an order by *Ponte,* J.

*Joseph B. Abrams* for the plaintiff.

*Joel A. Kozol* for the defendant.

TAURO, C.J.   The plaintiff has appealed from an order of the Superior Court dismissing his action in tort for libel. The trial judge properly treated the motion to dismiss as a demurrer since it was a demurrer in substance, if not in form.   See *Del Grosso* v. *Board of Appeal of Revere,* 330 Mass. 29, 31, and cases cited; *Harkey* v. *Superintendent, Mass. Correctional Inst. Norfolk,* 356 Mass. 722; Mottla, Civil Practice (3d ed.) §§ 256, 338.   The sole question before us is whether the trial judge properly concluded that the plaintiff's declaration presents a "religious controversy" in which our courts will not become involved.

In his declaration, the plaintiff alleges that he was "a respected kosher caterer," that he resigned from the Kashruth Commission of the Associated Synagogues of Massachusetts in December, 1966, that the defendant then wrote and circulated a "libellous and defamatory letter" to the rabbis and presidents of many Jewish congregations in Massachusetts, that this letter was "wholly false" and "maliciously" written, and that as a result, the plaintiff sustained ."great mental anguish and distress . . . and . . . damage to his standing as a caterer . . . ."   The defendant's letter, attached to the declaration, may be summarized as follows: 1. The records of the Kashruth Commission indicate that, on many occasions, the plaintiff withheld fees which his clients paid for transmission to the Associated Synagogues.   2. The Vaad Harabonim of the Associated Synagogues, after investigation and hearing, issued decrees in 1961, 1962, and 1963 adjudging the plaintiff guilty of, and fining him for, violations of Kashruth regulations.   3. In November, 1966, the Vaad Harabonim granted the plaintiff a hearing on allegations that he had violated both Kashruth and Sabbath regulations during the period 1964 through 1966.

Whether the subject matter is appropriate for judicial inquiry depends upon the nature of the central issue to be resolved, and not upon incidental aspects of the case.   *United Kosher Butchers Assn.* v. *Associated Synagogues of Greater*

*Boston, Inc.* 349 Mass. 595, 599. Where the litigation involves an issue which is essentially ecclesiastical in nature, courts will not interfere because "the whole subject of doctrinal theology, the customs, canonical laws both written and unwritten, and the fundamental organization of the various religious denominations would need to be examined with care for the purpose of reaching authoritative conclusions." Even apart from any constitutional considerations,[1] we believe sound policy dictates that the denominations, and not the courts, interpret "their own body of church polity." *Moustakis* v. *Hellenic Orthodox Soc. of Salem & Peabody,* 261 Mass. 462, 466. See *Solomon* v. *Congregation Tiffereth Israel of Revere,* 344 Mass. 755. Cf. *Cohen* v. *Silver,* 277 Mass. 230, 235–236.

We discern no attempt in the present case, on the basis of the pleadings, to involve our courts in a "religious controversy." *United Kosher Butchers Assn.* v. *Associated Synagogues of Greater Boston, Inc., supra.* In denying the truth of the statements in the defendant's letter the plaintiff says, in effect, that he did not withhold any fees entrusted to him for transmission to the Associated Synagogues, that he was not adjudged guilty of and fined for Kashruth violations in 1961, 1962, and 1963, and that he was not the subject of a hearing on Kashruth and Sabbath violations in November, 1966. While these matters may raise issues as to the occurrence of particular events, they do not appear to raise questions as to the authority of the Vaad Harabonim or as to its rules and procedures for determining Kashruth or Sabbath violations. Thus, in contrast to the situation in the *United Kosher Butchers* case, *supra,* the plaintiff's claim in this case does not depend upon "questions . . . determinable only by reference to Jewish law . . . ." At p. 600.

---

[1] See *Presbyterian Church in the U. S.* v. *Mary Elizabeth Blue Hull Memorial Presbyterian Church,* 393 U. S. 440, for a discussion of the constitutional considerations behind the judicial policy of noninvolvement in matters of purely ecclesiastical concern.

Moreover, the statement in the letter that the plaintiff withheld fees collected from his clients for transmission to Associated Synagogues could be reasonably understood as an accusation that the plaintiff was guilty of larceny or embezzlement. Even if this conduct were related to ecclesiastical activities it is difficult to conclude that such an accusation may be made with impunity. For this reason, we conclude that the plaintiff's declaration states a justiciable cause of action. Treating the motion to dismiss as a demurrer and the order of the judge as sustaining the demurrer, the order is reversed.

*So ordered.*