## COMMISSIONER OF CORPORATIONS AND TAXATION *vs.* CITY CLUB CORPORATION.

Suffolk. April 2, 1945. — May 15, 1945.

Present: FIELD, C.J., DOLAN, RONAN, & SPALDING, JJ.

*Taxation,* Meal tax; Appellate Tax Board: jurisdiction.

The right to the appeal provided in § 7 of G. L. (Ter. Ed.) c. 64B, inserted by St. 1941, c. 729, § 17, relating to a meal tax, is from the notice given by the commissioner of delinquency as to a return and not from a later determination of the tax by the commissioner on failure to comply with the terms of the notice; and the Appellate Tax Board had no jurisdiction of such an appeal taken more than thirty days after the notice of delinquency.

APPEAL from a decision of the Appellate Tax Board.

*W. G. Perrin,* Assistant Attorney General, (*R. J. Cotter, Jr.,* Assistant Attorney General, with him,) for the Commissioner of Corporations and Taxation.

*H. S. Davis,* for City Club Corporation.

RONAN, J. The commissioner of corporations and taxation appeals from a decision of the Appellate Tax Board abating a meal tax, so called, which he had determined was due under G. L. (Ter. Ed.) c. 64B, inserted by St. 1941, c. 729, § 17.

The appellee, the club, owns a three-story building, the second and third floors of which are occupied by it. The club was incorporated under the laws of this Commonwealth more than fifty years ago for the purpose of "establishing and maintaining a place for social meetings." The top floor is used as a dining room for members and their guests. The membership is limited to two hundred, and on an average two or three meals a week are served to guests. The club is open each week day from noon to three o'clock for the purpose of serving meals. Each member pays dues and is charged each month for meals, whether he is accommodated or not, unless he makes other arrange-

ments with the club. The commissioner, under the date of October 20, 1943, notified the club that it had failed to file correct and sufficient returns for July and August, 1943, and that, if proper returns were not filed within twenty days, he would determine the amount of the tax. The club filed no further returns for these two months. The commissioner determined on November 18, 1943, the amount of the tax for June and July, 1943. The club filed an appeal with the Appellate Tax Board on November 29, 1943.

The appeal to the board purported to be taken under c. 64B, § 7. This statute provides, "If a taxpayer, having failed to file a return or, having filed an incorrect or insufficient return, without reasonable excuse fails to file an original or corrected return, as the case may require, within twenty days after the giving of notice to him by the commissioner of his delinquency, the commissioner, at any time within three years from the date when the return should have been filed, shall determine the amount due. The taxpayer, within ten days after the expiration of said period of twenty days may appeal from the decision of the commissioner to the appellate tax board, whose decision shall be final. The commissioner or, in the case of appeal, the appellate tax board, having made such determination, shall give notice to the delinquent taxpayer of the amount determined to be due, and the taxpayer shall forthwith after the giving of such notice pay to the commissioner the amount so determined with interest at six per cent from the time when the original correct return should have been filed." This statute might well have been cast in more direct and certain terms. The ascertainment of the legislative intent is not entirely free from difficulty. We are not unmindful of the report made to the current session of the Legislature by the Appellate Tax Board directing attention to the need of clarification of this section; nor of the bills now pending for the accomplishment of this purpose; nor of the administrative practice adopted by the board in holding that no appeal lies except from a determination of the tax.

The question is whether the appeal to the board under § 7 lies from the notice of the delinquency or only from the determination of the tax. Where no return has been filed or the commissioner decides that the return filed is insufficient or incorrect, he cannot determine the tax until he has given to the taxpayer a notice of delinquency and an opportunity for a period of twenty days to file a return, if he has not filed one, or to file an amended return, if the commissioner decides that the one originally filed is insufficient or incorrect; but if the taxpayer does neither, then the commissioner may assess the tax. The taxpayer may within ten days after the expiration of the said period of twenty days appeal to the board from the notice of delinquency, and the board shall then determine whether a tax is due and, if so, the amount of the tax. The right to appeal begins with the giving of the notice of delinquency, and if the board decides that the taxpayer was not obligated to file a return, it will follow that no tax is due; but if it decides that a return should have been filed and what the return should have disclosed, then it determines the tax. It is to be noted that ordinarily the return is the basis of the tax, and when the terms of the return are settled, the computation of the tax is merely a mathematical operation as the tax is at a flat rate upon the number of meals served where the purchaser was charged $1 or more. The situation is similar to the determination of an ad valorem tax; the value being ascertained and the rate of the tax being fixed, the amount of the tax becomes indisputable. An appeal from the notice of the delinquency therefore permits the taxpayer to litigate the question whether he is liable for any tax and also the question as to the amount of the tax. The taking of an appeal from the notice of delinquency is in no way affected by any determination of the tax by the commissioner, for it is the duty of the board to determine the tax if an appeal is taken from the notice.

There is no necessity for any appeal from the determination of the tax if the appeal from the notice is seasonably taken. Section 7 does not provide for any separate or independent appeal from the determination of the tax by

the commissioner. The provision in § 7 that "The commissioner or, in the case of appeal, the appellate tax board, having made such determination, shall give notice to the delinquent taxpayer of the amount determined to be due," does not provide for an appeal from the determination of the commissioner. The statute distinguishes between the decision of the commissioner and the board upon the obligation of the taxpayer to file a return and upon the adequacy of the return filed and the determination of the commissioner and the board of the amount of the tax. The appeal lies from the decision which refers to the notice and not from the determination of the tax. The words "in the case of appeal" already quoted refer to the only appeal mentioned in the section, and plainly mean the appeal from the decision concerning the notice. "In the case of appeal" is an elliptical form of expression, which merely expresses the thought that where an appeal is taken from the notice the board shall determine the tax. If the commissioner determines the tax before the appeal from the notice is taken or before it is heard by the board, then, upon the board thereafter settling the matter of the return, the amount of the tax inevitably follows and is determined by the board. The provision that the commissioner, after he has given notice of delinquency and the taxpayer neglects to file a return or amended return, as the case may be, within twenty days, may determine the tax within three years after the date when the return should have been filed, cannot harm a taxpayer who has appealed from the notice, for it then becomes the function of the board to determine the tax, and the provision authorizing the commissioner to determine the tax within the three-year period can affect only a taxpayer who has not appealed from the notice. If he is harmed by the determination of the tax by the commissioner after the said period of twenty days, he cannot complain that such determination is final. It becomes final solely on account of his failure to appeal from the notice. We hold that an appeal lies only from the notice of the delinquency and not from the determination of the tax.

The board had no jurisdiction to entertain the appeal

taken by the club on November 29, 1943. It was taken too late. *International Paper Co.* v. *Commonwealth*, 232 Mass. 7, 10. *Golden* v. *Crawshaw*, 302 Mass. 343, 344. *Old Colony Railroad* v. *Assessors of Quincy*, 305 Mass. 509, 511–512. *New England Trust Co.* v. *Assessors of Boston*, 308 Mass. 543, 544. *Boston Penny Savings Bank* v. *Assessors of Boston*, 314 Mass. 599. *Boston Five Cents Savings Bank* v. *Assessors of Boston*, 317 Mass. 694.

The administrative practice adopted by the board is too recent to afford any persuasive evidence of the construction of § 7, and furthermore it cannot be followed because it is inconsistent with the provisions of that section. *Allen* v. *Commissioner of Corporations & Taxation*, 272 Mass. 502, 509. *Modern Finance Co.* v. *Holz*, 307 Mass. 281, 287. *Alexander* v. *Cosden Pipe Line Co.* 290 U. S. 484, 498.

In passing, it may be mentioned that the commissioner, having failed to give any notice of delinquency for the month of June, 1943, had no power to determine the tax for that month on any basis different from the return filed by the club. Whether, if the question were open on the merits, the club was liable for the tax for July, 1943 (which was the only month mentioned in the notice of delinquency for which a tax was determined by the commissioner), *Commissioner of Corporations & Taxation* v. *Chilton Club*, *ante*, 285, cannot be decided on this record because the appeal to the board was too late.

*Petition for abatement dismissed.*