RAYMOND DeVINCENT & another *vs.* PUBLIC WELFARE COMMISSION OF WALTHAM.

Middlesex.   January 8, 1946. — February 4, 1946.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Health, Board of.   Public Health.   Nuisance.   Jurisdiction,* Order of board of health.   *Superior Court,* Jurisdiction.

An order by a municipal board of health directing a landowner to abate a nuisance on his premises under G. L. (Ter. Ed.) c. 111, §§ 122–125, is not reviewable in any proceeding brought by the landowner solely for such a review.

The Superior Court had no jurisdiction of a petition under G. L. (Ter. Ed.) c. 111, § 147, for a jury to review an order made by a municipal board of health under § 143, as amended, if the petition was not filed within the three days specified in § 147 and no additional time for its filing was allowed by the court.

PETITION, filed in the Superior Court on May 23, 1945. A demurrer was heard by *Dillon,* J.

*J. J. Foster,* for the petitioners.

*W. J. Bannan,* City Solicitor, for the respondents.

RONAN, J.   This is a petition filed in the Superior Court on May 23, 1945, alleging that an order made by the respondent commission on May 16, 1945, and served on the petitioners on May 17, 1945, directing them to abate a nuisance maintained by them upon their premises in Waltham,

is illegal and unjust and unreasonably interferes with the proper conduct of their farm, and seeking to have the said order altered or annulled by a jury. The commission by virtue of Spec. St. 1919, c. 114, has the powers and duties of a board of health. The petitioners have appealed from the sustaining of a demurrer and dismissal of the petition.

The petitioners contend that the order was made under G. L. (Ter. Ed.) c. 111, § 143, as appearing in St. 1933, c. 269, § 2, authorizing a board of health to assign certain places for, or prohibit, the exercise of any trade or employment that is a nuisance, harmful to the inhabitants, dangerous to the public health, or attended by noisome and injurious odors, and that by G. L. (Ter. Ed.) c. 111, § 147, they have the rights to have the order reviewed by a jury and, if it is shown to be arbitrary and unreasonable, to have it modified or annulled. The commission contends that the order was made in accordance with G. L. (Ter. Ed.) c. 111, §§ 122-125, conferring upon a board of health the power to examine into all nuisances, sources of filth and causes of sickness, to remove and prevent the same, and to cause the abatement of all nuisances.

We need not decide either contention. If the order was made under §§ 122-125, as the respondents contend, then it is settled that the order is not subject to a review or any proceedings brought by the petitioners solely for that purpose, and the petition must be dismissed. *Stone* v. *Heath*, 179 Mass. 385. *Kineen* v. *Lexington Board of Health*, 214 Mass. 587. *Tracht* v. *County Commissioners of Worcester*, 318 Mass. 681. On the other hand, if the order was made under § 143, as the petitioners contend, then the petition, filed on May 23, 1945, was too late. Such a petition must be filed "within three days after service of the order upon" the person who is thereby aggrieved unless for certain causes he is granted additional time up to thirty days by the court. It does not appear that any additional time was allowed and, the petition not having been filed within the statutory period, the court was without jurisdiction to hear it. *Peterson* v. *Waltham*, 150 Mass. 564. *International Paper Co.* v. *Commonwealth*, 232 Mass. 7, 10. *Hester* v. *Brockton*, 251

Mass. 41. *Lexington* v. *Miskell*, 260 Mass. 544. *Old Colony Railroad* v. *Assessors of Quincy*, 305 Mass. 509. *Sullivan* v. *Jordan*, 310 Mass. 12. *Commissioner of Corporations & Taxation* v. *City Club Corp.* 318 Mass. 293, 296–297.

*Judgment affirmed.*