COMMISSIONER OF CORPORATIONS AND TAXATION *vs.*
ST. BOTOLPH CLUB, INCORPORATED
(and two companion cases [1]).

Suffolk.   October 9, 1946. — April 11, 1947.

Present: QUA, DOLAN, RONAN, & SPALDING, JJ.

*Taxation,* Appellate Tax Board: decision, jurisdiction, appeal to board; Meal tax. *Equity Jurisdiction,* Bill of review. *Res Judicata. Estoppel.*

Assuming that, under Rule 37 of the Appellate Tax Board, the equivalent of a bill of review lies to review a final decision of the board, and treating a motion to vacate a decision as a bill of review, the decision in a proper case might be reversed by the board in such procedure

---

[1] The companion cases are Somerset Club *vs.* Commissioner of Corporations and Taxation, and St. Botolph Club, Incorporated *vs.* Commissioner of Corporations and Taxation.

notwithstanding the provision of G. L. (Ter. Ed.) c. 58A, § 13, as amended, that an appeal to this court is the exclusive remedy of one aggrieved by action of the board.

Upon appeal from a decision on a bill of review based on alleged error of law apparent upon the record of the proceeding reviewed, this court confines its inquiry as to such error to that record and does not consider findings made at the hearing on the bill of review.

Error of law respecting the jurisdiction of the Appellate Tax Board was not apparent on the record of a proceeding in which the board made a final decision dismissing a taxpayer's appeal, where the appellee's motion to dismiss was grounded not only upon alleged impropriety of the appeal and want of jurisdiction of the board to entertain it, but also upon alleged failure of the appellant to conform to sundry procedural requirements of the rules of the board governing appeals, and the board in its decision did not specify on what ground the decision was based.

A decision by the Appellate Tax Board, made in 1944 on motion by the commissioner of corporations and taxation and not appealed from by the taxpayer, dismissing an appeal by the taxpayer from a notice of delinquency respecting meal taxes for certain months under G. L. (Ter. Ed.) c. 64B on the sole ground in effect that an appeal under § 7 of c. 64B did not lie from a notice of delinquency but only from a determination of the amount of tax due, which had not been made at the time of the appeal taken, did not make res judicata as to the taxes in question the proposition that appeal lay only from a determination, nor estop the commissioner, after the decision of this court in *Commissioner of Corporations & Taxation* v. *City Club Corp.* 318 Mass. 293, from contending that a later appeal to the board in 1945 from a determination of the same taxes did not lie and should be dismissed by the board for want of jurisdiction; and the board properly so dismissed the later appeal.

APPEALS from decisions by the Appellate Tax Board.

*W. G. Perrin*, Assistant Attorney General, for the Commissioner of Corporations and Taxation.

*T. Chase*, for the taxpayers.

DOLAN, J. The taxpayer, a corporation organized for the purpose of "the promotion of social intercourse among authors and artists, and other gentlemen connected with or interested in literature and art, and affording them the convenience of a club house," maintains a club house at 115 Commonwealth Avenue, Boston, and conducts therein a dining room for the exclusive use of its members and their guests. No meals are served at any time to the public. In the respective months of June, July, August and September, 1943, the taxpayer filed returns setting forth that nothing

was due from it on account of the excise tax on meals imposed by G. L. (Ter. Ed.) c. 64B, § 2, as inserted by St. 1941, c. 729, § 17.   (See St. 1945, c. 663, § 2, and St. 1946, c. 326, § 2.)

On October 20, 1943, the commissioner of corporations and taxation, hereinafter referred to as the commissioner, purporting to act under c. 64B, § 7, as inserted by St. 1941, c. 729, § 17, notified the taxpayer of its delinquency in failing to file correct and sufficient returns for meals furnished during the months before referred to.   Subsequently the commissioner determined that the following amounts were due for the months designated: June, $39.28; July, $41.11; August, $44.80; September, $51.18.   An appeal was seasonably taken by the taxpayer from the notice of delinquency to the Appellate Tax Board on November 18, 1943.   See c. 64B, § 7. [1]   On motion of the commissioner the appeal was dismissed by the board on June 14, 1944.   In that motion of the commissioner to dismiss the appeal he recited several grounds, relied upon by him.   The decision of the board dismissing the taxpayer's appeal is in the following form: "Appellee's [the commissioner's] motion to dismiss allowed. Decision for the appellee."   No ground was assigned by the board for its decision.

On May 15, 1945, this court decided that an appeal lies only from the notice of the delinquency and not from the determination by the commissioner of the amount of tax due:  *Commissioner of Corporations & Taxation* v. *City Club Corp.* 318 Mass. 293. [1]

On June 12, 1945, the taxpayer filed a motion to vacate the order of the board dismissing its appeal on the ground that the decision of the board was contrary to the law as laid down in the *City Club Corp.* case, and that the "order was improvidently entered and is inconsistent with the provisions of G. L. (Ter. Ed.) c. 64B, § 7."   On July 19, 1945, after hearing, the board allowed that motion and vacated its prior decision dismissing the taxpayer's appeal.   On January 9, 1946, after hearing on the merits, the board

[1] But see now G. L. (Ter. Ed.) c. 64B, § 7, as appearing in St. 1946, c. 564, providing for appeal from determination of the amount of tax.

decided that no tax was due from the taxpayer for the months involved. The commissioner appealed from the decision of the board vacating its prior decision dismissing the taxpayer's appeal, and from the decision of the board on the merits of the case for the taxpayer. The sole contention of the commissioner is that the board was without authority to vacate its original decision dismissing the taxpayer's appeal, and for the commissioner. Properly he makes no contention that on the merits, if open, a tax was due from the taxpayer under the governing statute in effect at the times here involved. That none was due is settled by *Commissioner of Corporations & Taxation* v. *Chilton Club*, 318 Mass. 285. Cognizant as he must be that the taxes here involved were imposed by him erroneously and that there is nothing due in conscience to the Commonwealth, the commissioner pursues the present appeal on the highly technical ground that the issue of law is, in his own words, "Has the Appellate Tax Board jurisdiction to vacate a decision which it has rendered, where the sole ground for such vacating is the error of law on the part of the board, and from which error no appeal was taken in accordance with the statute?"

General Laws (Ter. Ed.) c. 58A, § 13, as appearing in St. 1933, c. 321, § 7, and amended, provides in part that the board shall make a decision in each case before it and that the "decision of the board shall be final as to findings of fact." Section 13 also regulates the matter of appeals from decisions of the board. There is no right of appeal from the decisions of the board to this court except that created by the statute. *Hayward* v. *Assessors of Boston*, 304 Mass. 355, 357. Section 13 specifically provides that the appeal to the Supreme Judicial Court under this section "shall be the exclusive method of reviewing any action of the board." And there is no statutory provision for the review or reconsideration by the board of its own final decisions, and in the present case the decision of the board dismissing the taxpayer's appeal and for the commissioner was a final decision. But it is provided by G. L. (Ter. Ed.) c. 58A, § 8, as appearing in St. 1933, c. 321, § 4, concerning proceedings before the board, that "all proceedings shall be conducted

in accordance with such rules of practice and procedure as the board may make and promulgate." Under that authority the board promulgated the following rule: "Rule 37. Practice and procedure. Except as herein otherwise provided, the practice and procedure before the board shall conform to that prevailing in equity causes in the courts of the Commonwealth . . .." Since by its rules duly promulgated by statutory authority its practice and procedure conform to those in our courts of equity, we assume in favor of the taxpayer, without deciding, that the equivalent of a bill of review will lie to reverse a final decision of the board in a proper case. But see G. L. (Ter. Ed.) c. 58A, § 13, as amended. It is settled that error of law apparent on the record is one of the three instances in which reversal of a final decree in equity may be had by bill of review. *Clapp* v. *Thaxter*, 7 Gray, 384, 386. *Mackay* v. *Brock*, 245 Mass. 131, 133–134. *Boston & Maine Railroad* v. *Greenfield*, 253 Mass. 391, 397. *Frechette* v. *Thibodeau*, 294 Mass. 51, 54. *Counelis* v. *Andreson*, 299 Mass. 382, 383. *Nelson* v. *Bailey*, 303 Mass. 522, 524–525. *Boston* v. *Santosuosso*, 308 Mass. 189, 193–194. *Theberge* v. *Howe*, 314 Mass. 22, 25. For the purposes of the present case we treat the taxpayer's motion to vacate the decision of the board dismissing its appeal as in essence a bill of review. See *E. S. Parks Shellac Co.* v. *Jones*, 265 Mass. 108. And on the assumptions we have made in favor of the taxpayer we are of opinion that it lies in a proper case to reverse a final decision of the board, notwithstanding the provision of c. 58A, § 13, that appeal to this court is the exclusive remedy of one aggrieved by an action of the board, just as final decrees in equity may be reversed in a proper case by a bill of review although the common remedy of one aggrieved thereby would be by an appeal or bill of exceptions. And it is settled that the time for filing a bill of review to reverse such decrees is not limited to that fixed for filing and perfecting appeals therefrom or bills of exceptions thereto. *Boston & Maine Railroad* v. *Greenfield*, 253 Mass. 391, 397–398.

In *Boston & Maine Railroad* v. *Greenfield*, 253 Mass. 391, 397, the court said, "A bill of review commonly is granted

only (1) for error of law apparent on the record, (2) new evidence not susceptible of use at the trial and coming to light after the decree, and (3) new matter arising after the entry of the decree." There is nothing in the present case to bring it within either the second or third ground upon which a bill of review would lie, and the present case is not one where the decision of the board dismissing the taxpayer's appeal was made by accident, mistake or clerical error. See *Donovan* v. *Danielson*, 263 Mass. 419, 423–424, and cases cited. Nor does it come within the exceptions referred to in *Hyde Park Savings Bank* v. *Davankoskas*, 298 Mass. 421, 423–424. See *Nelson* v. *Bailey*, 303 Mass. 522, 524–525. The decisive question is whether it can be said properly that an error of law is apparent on the record. And by "on the record" is meant the record in the original proceeding in which the decision of the board was made that is sought to be vacated by the present "bill of review." This being so, we think that the findings of the board made upon the "bill of review" cannot be examined for the purpose of determining that the board erred as matter of law in its original decision. See *Frechette* v. *Thibodeau*, 294 Mass. 51, 54. We therefore must confine our inquiry to the record of the original proceeding in which the board on the commissioner's motion made the decision dismissing the taxpayer's appeal from the notice of delinquency and for the commissioner.

The motion of the commissioner to dismiss that appeal was as follows: "Now comes the commissioner of corporations and taxation, appellee, and moves that the appeal be dismissed for the following reasons: 1. The petition fails to conform to the requirements of paragraph (b) of Rule 3 of this board in that it fails to contain 'a clear and concise statement of the nature of the tax or other matter in controversy and of the facts on which the appellant relies.' The petition sets forth that it is a 'claim of appeal under G. L. (Ter. Ed.) c. 64B, § 7.' Said § 7 refers to two different decisions or determinations, namely, (1) the decision that the taxpayer is delinquent and (2) the determination, subsequent to the sending of the notice of delinquency and the

failure of the taxpayer to file an original or a corrected return pursuant to such notice, of the amount due. The petition fails to make clear whether appeal is claimed from the decision of the commissioner that the taxpayer is delinquent or from an alleged determination of the amount due. 2. The petition fails to conform to the requirements of paragraph (b) of Rule 3 of this board in that it fails to give 'the date of notice of the decision or determination appealed from.' Although the petition alleges the date of notice of delinquency, it contains no allegation as to the notice of the determination of the amounts due, which is alleged in paragraph 6 of the petition, nor as to the notice of the taxes which the petition in paragraph 8 states the appellee 'assumed to assess as aforesaid.' 3. The petition fails to conform to the requirements of paragraph (c) of Rule 3 of this board in that it fails not only to state clearly the appellant's objection to the decision or determination appealed from, but also fails to identify the decision or determination itself. It further fails to conform to said requirements, if the appellant desires to raise any contentions of law, in that the petition fails to contain a clear statement of what contentions of law the appellant desires to raise. 4. The petition fails to conform to the requirements of § 7 of c. 58A of the General Laws in that it fails to 'set forth specifically the facts upon which' the appellant 'relies, together with a statement of the contentions of law which the appellant desires to raise.' 5. The appeal is not taken in conformity with the provisions of § 7 of c. 64B of the General Laws. 6. The appellee has made no decision affecting the appellant from which the appellant is entitled to appeal to this board. 7. This appeal is not taken within the time prescribed by law. 8. This board is without jurisdiction to hear this appeal either under G. L. c. 64B, § 7, or under any other provision of law."

Paragraphs (b), (c) and (d) of Rule 3 of the board provide as follows: "The petition shall contain in substance the following: (b) A clear and concise statement of the nature of the tax or other matter in controversy and of the facts on which the appellant relies, giving the date of notice of the

decision or determination appealed from.  If the appeal is from the refusal to abate a tax, describe the property or commodity taxed and state the valuation made by the taxing authority, the rate and amount of the tax, the year for which it was assessed, the amount and date of any payment made, and the date and manner of application for abatement to the taxing authority.  (c) A clear and concise statement of the appellant's objections to the decision or determination appealed from, and of the contentions of law, if any, which the appellant desires to raise.  (d) A prayer setting forth the relief sought."

Rule 4 of the board provides as follows: "The petition shall be filed with the clerk and shall be signed by the appellant or his attorney.  The appellant shall forthwith serve a copy thereof upon the appellee in hand, or by registered mail, postage prepaid, addressed to the usual place of business of the appellee.  The appellant shall, not later than ten days after filing the petition, file with the clerk a signed acknowledgment of service or a certificate that a copy of the petition has been mailed by registered mail, postage prepaid, to the usual place of business of the appellee, giving the address to which the copy has been mailed and the date of mailing, and attaching thereto the postoffice receipt therefor and the return receipt.  Failure to conform to the requirements of this rule or of Rule 3 shall be ground, in the discretion of the board, for dismissal of the appeal."

We are unable to ascertain from the consideration of the record itself of the proceedings upon which the taxpayer's appeal from the notice of delinquency was dismissed that the ground of that decision was that the appeal would not lie therefrom.  This being so, we cannot say rightly that error of law in the decision of the board dismissing the taxpayer's appeal from the notice of delinquency is apparent on the record of the proceedings in which that decision was made.  It follows that the motion of the taxpayer (treated as a bill of review) to vacate the decision of the board dismissing the taxpayer's appeal from notice of delinquency must be denied.

*So ordered.*

THE SECOND AND THIRD CASES.

In each of these cases the taxpayer (in the second case the Somerset Club and in the third case the St. Botolph Club, Incorporated) appeals from the decision of the Appellate Tax Board dismissing its appeal from the determination by the commissioner of corporations and taxation that certain meal taxes were due from the taxpayer.

In the second case (that involving the appeal of the Somerset Club) the commissioner on October 20, 1943, notified the taxpayer that it had failed to file correct and sufficient returns of its taxable charges under G. L. (Ter. Ed.) c. 64B, § 7, as inserted by St. 1941, c. 729, § 17, for the months of June, July, August and September, 1943, and that, if proper returns were not filed within twenty days, the amounts due on account thereof would be determined by him. On November 18, 1943, the taxpayer filed with the board a claim of appeal under c. 64B, § 7, from the notice of delinquency. On June 14, 1944, on motion of the commissioner, the board dismissed that appeal "solely on the ground that the petition did not show that the taxes alleged to be due for the respective months had been determined by the commissioner." [1] No appeal was taken by the taxpayer from that decision. On February 20, 1945, the commissioner gave a like notice with respect to the months of October, 1943, to January, 1945, both inclusive. On April 27, 1945, the commissioner determined the amounts claimed by him to be due from the taxpayer for the months of June, 1943, to January, 1945, both inclusive. On May 7, 1945, the taxpayer appealed from that determination, and prayed that it be set aside as unlawful and that the taxes assessed be abated. On May 15, 1945, the day on which *Commissioner of Corporations & Taxation* v. *City Club Corp.* 318 Mass. 293, was decided, the commissioner filed a motion with the board that the appeal be dismissed because not taken within ten days after the expiration of the period of twenty days after the giving of notice to it of delinquency as provided

---

[1] See now G. L. (Ter. Ed.) c. 64B, § 7, as appearing in St. 1946, c. 564.

by c. 64B, § 7. Acting upon that motion on July 13, 1945, the board dismissed that appeal, stating in its subsequent findings that "an appeal lies only from the notice of the delinquency and not from the determination of the tax" and that the board had no jurisdiction to entertain the appeal, citing *Commissioner of Corporations & Taxation* v. *City Club Corp.* 318 Mass. 293. The board denied requests of the taxpayer for rulings that "(1) It having been determined by the board upon a previous appeal by the present appellant relative to a part of the taxes which form the subject of the present appeal that said prior appeal was premature because claimed before any determination of the taxes in question had been made, it is for the purposes of the present appeal res judicata that the appellant had no right to claim an appeal with respect to the months in question until after the taxes for the respective months had been determined by the appellee. (2) Since the appellee procured the dismissal of the appellant's former appeal on the ground that such an appeal could not be taken until after a determination of the taxes for the months in question had been made, he cannot now be heard to assert that the present appeal should have been claimed prior to the determination of the taxes for the respective months."

The facts in the third case (that involving the appeal of the taxpayer St. Botolph Club, Incorporated[1]) are the same except as to the amounts claimed to be due.

In the two cases now being considered it is to be noted that the respective taxpayers during the months involved did not serve meals to the public. In *Commissioner of Corporations & Taxation* v. *Chilton Club*, 318 Mass. 285, it was decided by this court (on May 15, 1945) that a private club furnishing meals to its members and their guests and visitors did not come within the taxing statute (G. L. [Ter. Ed.] c. 64B, § 2, as inserted by St. 1941, c. 729, § 17). It is also to be observed that the amendment to that statute extending the imposition of taxes on meals to "any club at

---

[1] This case also involves the tax claimed to be due from the taxpayer for the months of June, July, August and September, 1943, which were considered by us in the first case upon the appeal of the tax commissioner.

which meals or food are regularly served to its members or to the public, or both," was enacted by St. 1945, c. 663, § 2, on July 23, 1945, and declared an emergency law. (See now St. 1946, c. 326, § 2.) Notwithstanding those facts, the commissioner in each of these cases rests his claim for a tax, for periods when as matter of law none was due, upon the failure of the taxpayer to take timely appeal to correct the error of the board in its first interpretation of the statute whereunder the appeal of the taxpayer from the notice of delinquency was dismissed.

We are of opinion that the commissioner is not estopped to rest on the proposition that the board was without authority to entertain the appeal of the taxpayer in these second and third cases from his determination of the amount of the tax due. The taxpayer in each of these cases could have appealed from the decision of the board dismissing its appeal from the notice of delinquency. And appeal to this court is the "exclusive method of reviewing any action of the board" except certain actions under G. L. (Ter. Ed.) c. 65, not here involved. G. L. (Ter. Ed.) c. 58A, § 13, as appearing in St. 1933, c. 321, § 7, as amended. As was said in substance in *Commissioner of Corporations & Taxation* v. *City Club Corp.* 318 Mass. 293, 296–297, the board then had no jurisdiction under the governing statute to entertain an appeal from the determination by the commissioner of the amount due, the only appeal that then lay being one from the notice of delinquency,[1] and that the administrative practice that had been adopted by the board was too recent to afford any persuasive evidence of the proper construction of c. 64B, § 7, and could not be followed because inconsistent with the provisions of that statute. And it is settled that the board is without authority to entertain a proceeding for relief by abatement begun at a later time or prosecuted in a different manner than is set out in the statute. *International Paper Co.* v. *Commonwealth*, 232 Mass. 7, 10. *Assessors of Boston* v. *Suffolk Law School*, 295 Mass. 489, 492.

---

[1] See now G. L. (Ter. Ed.) c. 64B, § 7, as appearing in St. 1946, c. 564, providing for appeal from determination of the amount of tax.

It follows that in each of the two cases just considered the entry must be

*Appeal from determination of tax dismissed.*