WILLIAM B. LEONARDI, JR. *vs.* STATE TAX COMMISSION.

Suffolk.    December 5, 1968. — March 10, 1969.

Present: SPALDING, WHITTEMORE, SPIEGEL, & REARDON, JJ.

*Taxation,* Income tax, State Tax Commission.

An application to the State Tax Commission for an abatement of a tax assessed under G. L. c. 62, §§ 36, 37, on alleged income of the applicant received many years prior to the assessment, filed simultaneously with a tax return for the year of the alleged receipt but more than one year after the assessment and notice thereof to the applicant, was not seasonably filed since the applicable provision of § 43, as appearing in St. 1964, c. 488, § 1, was that permitting applications for abatement "within one year after the date of any notice of . . . tax due," and not that permitting applications for abatement "within one year of the date that the return was actually filed," which applied only to an assessment based on or following the filing of a tax return. [458–459]

Failure to file an application for abatement of an income tax seasonably under G. L. c. 62, § 43, did not preclude the State Tax Commission from abating the tax on its own motion if it was satisfied that the tax was erroneously assessed, notwithstanding the provision of § 48 that the remedies provided by § 43 et seq. should be exclusive "whether or not the tax is wholly illegal." [459]

APPEAL from a decision of the Appellate Tax Board.

*Robert J. McGee* for the taxpayer.

*Paul N. Gollub,* Special Assistant Attorney General, for the State Tax Commission.

WHITTEMORE, J. The appellant Leonardi, in March, 1967, applied to the State Tax Commission for an abatement of an income tax assessed in August, 1965, on income allegedly received in 1951. The commission disallowed the application on March 14, 1967; Leonardi appealed to the Appellate Tax Board, filing a petition under the formal procedure. The commission filed a plea in bar asserting lack of jurisdiction because the application had not been filed within the time allowed by statute; the board sustained the plea and dismissed the appeal; Leonardi appealed to this court under G. L. c. 58A, § 13.

We state the facts set out in the petition. These facts, for the purpose of the plea, are to be taken as true, not being controverted by the plea. *Kalmus* v. *Kalmus,* 330 Mass. 41, 42, and cases cited.

Leonardi was born in 1936 and in 1951 was a full time student with no income. On August 30, 1965, the commission assessed an income tax on Leonardi of $184.43, including surtax and interest, based on the assertion that in 1951 he had business income of $5,360. Leonardi did not pay the assessment. On March 8, 1967, he filed an income tax return showing no tax due and simultaneously filed the application for abatement.[1]

By stipulation, the tax return and application were in evidence before the board; they are in accordance with the statement of the petition. The board, after making findings

---

[1] The parties have stipulated that nine other appeals in respect of assessments for years following 1951 raise identical issues of law and that the order entered in this case shall be applicable in those cases.

for the most part consistent with the allegations, ruled in its opinion that under G. L. c. 62, § 43, Leonardi had one year from August 30, 1965, to file an application for abatement, and no other remedy, and sustained the plea and dismissed the appeal. The statements in the opinion to the effect that the Tax Commissioner had requested Leonardi to file a return and that Leonardi had refused to do so are unsupported by anything in the record.

Chapter 62 of the General Laws provides, in part, as follows: § 36, as appearing in St. 1955, c. 539, § 1, "If any person who has been notified by the commissioner that he has filed an incorrect or insufficient return refuses or neglects .within twenty days after receiving such notice to file a correct or sufficient return, or if any person fails to file a return in accordance with the requirements of this chapter, or files a fraudulent return, the commissioner shall determine the income of such person taxable under this chapter according to his best information and belief and assess the same at not more than double the amount so determined." § 37, as appearing in St. 1961, c. 555, § 2 (second paragraph),[2] "In the case of an arithmetical or clerical error apparent upon the face of the return, the commissioner may make an additional assessment attributable to such error without giving notice to the person so to be assessed. In the case of a false or fraudulent return filed with intent to evade a tax or of a failure to file a return, the commissioner may make an assessment at any time. The provisions of this chapter in respect to the abatement and collection of

---

[2] The first paragraph of § 37 provides: "If the commissioner finds from the verification of a return, or otherwise, that the income of any person subject to taxation under this chapter, or any portion thereof, has not been reported, he may, at any time within three years from the last day for filing the return required by this chapter, or from the day on which said return was actually filed, whichever is later, assess a tax or an additional tax, first giving notice to the person so to be assessed of his intention, and such person shall thereupon have an opportunity within ten days after such notification to confer with the commissioner in person or by counsel or other representative as to the proposed assessment. . . . After the expiration of . . . [such ten days] the commissioner shall assess such tax or additional tax upon the income . . . which he believes has not theretofore been reported, and he shall thereupon give notice as provided in section thirty-nine to the person so assessed."

taxes shall apply to a tax so assessed." § 43, as appearing in St. 1964, c. 488, § 1 (in part), "Any person who is required to file a return under this chapter and who believes that he has been over-assessed or has overpaid any tax imposed by this chapter may apply in writing to the commission, on a form prescribed by it, for an abatement of any such over-assessment or over-payment at any time within three years from the last day for filing the return required by this chapter without regard to any extension of time, within one year after the date of any notice of additional tax due, or within one year of the date that the return was actually filed, whichever occurs later." § 44, as amended by St. 1953, c. 654, § 47, "No tax assessed on any person liable to taxation under this chapter shall be abated in any event unless the person assessed shall have filed, at or before the time of bringing his petition for abatement, a return as required by sections twenty-two to twenty-five, inclusive . . . ."

By §§ 22 and 25 of c. 62 the obligation to file a return for any year is conditioned on the receipt of taxable income. By § 45 a right of appeal to the board is given to any person "aggrieved" by a refusal of the commission to grant an abatement under § 43.

Leonardi contends that his application was within the statute as it was filed within one year of the date in 1967 when he filed the return.

The board held that such a construction would violate the statutory scheme, saying, "The board is of the opinion that the legislature never intended that the third category [in § 43] would allow a taxpayer, at any date, no matter how many years late to file a return and seek an abatement after the commissioner assessed under chapter 62, section 36, because of the *refusal* of the taxpayer *to file a return.* The appellant never filed any tax return on the basis of which he was over-assessed or which he overpaid. . . . He could not properly claim to be aggrieved on the basis of . . . [the returns filed in 1967]. [A]pplications based on the 1965 assessment should have been filed within one year. The

board is of the opinion that the appellant was not 'aggrieved', as that word is used in the statute, by any action taken by the Commissioner on returns finally filed by the appellant."

We agree that only the second alternative of § 43 was applicable to Leonardi. We construe the third alternative of § 43 to be applicable to an assessment based on or following the filing of a return and not to be applicable to an assessment where no return has been filed prior to the assessment. In the latter case, § 44 requires a return as a preliminary to, or a part of, an application for abatement. Reasonably construed, the statute allows one year from the assessment for the filing of the application for abatement and hence of the return. It is not to be construed to give a person who has filed no return and who is put on notice by an assessment an indefinite period for filing a return and a year thereafter to file an application for abatement. Nothing in the statutory history suggests such an intention.[3]

The second alternative of § 43 is reasonably applicable to the first assessment of a tax even though it refers only to "additional tax due." Section 37 expressly provides that the provisions of c. 62 in respect of abatement shall be applicable in such a case. Notwithstanding the first clause of § 43 ("[a]ny person who is required to file a return under this chapter"[4]) and the absence of any occasion for a return

---

[3] See House Bill No. 105 of 1961 which as enacted in St. 1961, c. 252, amended to its present form so much of § 43 as states the second and third alternative periods for filing an abatement application. The accompanying recommendation of the State Tax Commission stated, in part, "Section 43 of chapter 62 presently provides that the period during which a taxpayer may file an application for abatement of an income tax shall be (1) three years from the last day for filing the tax return, or (2) one year from the date of over-assessment or (3) one year from the date of overpayment, whichever of the three is latest. The effect of including the third alternative is to provide a longer abatement period for the taxpayer who is delinquent in his tax payment than for one who has paid seasonably. . . . The bill in question provides for an amendment of section 43 to substitute . . . 'date that the return was actually filed' for 'date of overpayment' in alternative (3)." See St. 1964, c. 488, § 1, which adds to the statement of the first alternative period the words "without regard to any extension of time."

[4] This clause came into the statute in St. 1964, c. 488, § 1, in connection with adding a provision to allow for an application for abatement by a person "not otherwise required to file a return under this chapter and who has made an over-payment under the provisions of chapter sixty-two B."

from Leonardi prior to the assessment, it is plain from § 37 that the provisions of § 43 govern Leonardi's application for abatement.

Thus the plea was rightly sustained. But inasmuch as we conclude from colloquy at the argument that the commission deems itself foreclosed by the assessment and Leonardi's failure to act within the year we add the following comment. The provisions of c. 62, § 48, making the remedies provided by §§ 43 to 47 exclusive "whether or not the tax is wholly illegal" do not preclude the commission of its own motion from correcting a plain error of fact and reversing an entirely unwarranted entry. Appropriate action would be for the commission to satisfy itself whether the assessment in 1965 of a tax for 1951 was based on misunderstanding, misinformation or mistake, giving Leonardi an opportunity to support his allegations.

If Leonardi had no income in 1951, § 36 did not apply to him as he was not a "person . . . [who failed] to file a return in accordance with the requirements of this chapter [62]" and the assessment was unauthorized. Leonardi's failure to pursue his only legal right to require an abatement does not mean that the Commonwealth must collect a tax that was never due.

On the allegations this is not a case of a dispute as to the amount of a tax, something being due in any event, nor did the commission act on a misconstruction of the law which timely action by the affected citizen could have corrected. Compare *Commissioner of Corps. & Taxn.* v. *St. Botolph Club, Inc.* 321 Mass. 269, 279.

The policy that taxing statutes be strictly enforced and that citizens be diligent to protect their rights thereunder does not require exaction, as though they were taxes due, of assessments made without any basis in fact or in any construction of the law.

The decision sustaining the plea in bar and dismissing the appeal is affirmed.

*So ordered.*